## BUTCHER & COX v. BUCHANAN *et ux.*

1. **Statute of frauds:** PAROL PROMISE. Where, in a levy of an execution upon real estate, the sheriff misdescribed the same, which misdescription ran through his return, certificate of purchase and deed, it was held, that a parol promise by the judgment defendant to execute a deed correcting the same was within the statute of frauds and could not be enforced.

2. **Estoppel:** PROMISE TO REDEEM. When a sheriff, in levying an execution upon real estate misdescribed the same, and sold property in accordance with his descriptions which did not belong to the judgment defendant, after which the defendant told the purchaser that he would redeem the same from the sale. *Held:*

   1. That the promise to redeem could not be construed as an estoppel.

   2. That the defendant could not be compelled to correct the mistake of the officer, by the execution of a deed conveying the property to the purchaser by a correct description.

VOL. XVII.—11

*Appeal from Monroe District Court.*

THURSDAY, OCTOBER 6.

BRIEFLY, the plaintiffs made the following case: That in February, 1860, they recovered a judgment against defendants for $274; in September, 1861, levied and sold lots 5 and 6 in block 21, of the second survey of the town of Albia, as the property of defendants; which was bid in by plaintiffs, to whom the officer gave a certificate of purchase; but that in the levy, as returned on the execution, and also in the certificate of purchase, the above property was described as being in the *first* instead of the *second* survey of the town. After the expiration of the year, the same mistake was carried into the sheriff's deed to the plaintiffs, of which they were ignorant until after they had so received the deed.

They charge, however, that one of the defendants knew of the mistake and concealed it from them; that he owned no lots of that description in the first survey. Nevertheless, the defendant said he intended to redeem, and finally told the plaintiffs' attorney not to take a deed when the year was out, for said property, for he would redeem. Relying upon this promise, and that all was right in the description of the property, they did not take a deed from the sheriff, for some time after the expiration of the year; yet the redemption was not made, and the deed was taken, after which the mistake was discovered. The defendant was then told, unless he corrected the mistake by deed himself, a bill would be filed for that purpose; he promised to do so if a suit was not brought, but afterwards made known his refusal to make any such correction.

The plaintiffs, in their petition, ask for a correction of the mistake on two grounds: *First.* By the conduct and acts of the defendant as above stated, he is estopped from setting up any title to the real estate described: *Second.*

The defendant, by his subsequent promise, is bound in equity to make a deed to plaintiffs correcting said mistake.

The defendants, by demurrer, challenged the legal sufficiency of the above statement to entitle the plaintiffs to the relief they ask. The demurrer was overruled. The defendant elected to abide thereby. A decree as prayed for was entered for the plaintiffs, from which the appeal comes.

*Seevers & Williams* for the appellants.

*Perry* for the appellees.

LOWE, J. — In reviewing the proceedings below we 1. STATUTE suppose we are confined to the particular case as OF FRAUDS: made, and the grounds of relief relied upon by Parol pro- mise. the plaintiffs. These are two : One is, that the defendant made a parol promise to the plaintiff, after he had obtained the sheriff's deed, that he would make to him a deed, correcting the mistake referred to. This promise, it is perhaps sufficient to say, was too clearly within the statute of frauds to make it available to the plaintiffs. 2. ESTOP- The other point, and the one chiefly insisted upon PEL: pro- in argument, is the estoppel above alluded to. mise to redeem. This, to say the least, is a novel application of the doctrine of estoppel. The plaintiffs, by their execution, have certain property of the defendants levied upon and sold, and they became the purchasers. The officer intrusted with this sale, described the property, in his levy and return on the execution, as situated in the first survey of the town of Albia, and by that description, he afterwards conveyed the property to the plaintiffs. It turned out that the defendants had no property in the first survey of the town, but had property of a corresponding description, in the second survey of said town, and that the officer, in his return of the levy and sale, had made a mistake in describing the locality of the property, and he and the plaintiffs

are alone responsible for the same. It is not alleged or intimated in the bill, that the defendant was instrumental, directly or indirectly, by any word or act of his, in causing this mistake. It was purely the oversight or misprision of the officer; as such, and whilst the defendant remained wholly passive, the plaintiffs became purchasers. In what, then, consists the estoppel? Why, it is said, that after the sale, and before the plaintiffs took their deed from the sheriff, the defendant expressed an intention to redeem the property, and afterwards declined, thereby leading the plaintiffs to suppose that they had bought his property at said sale, and, under that impression, took a deed from the sheriff; wherefore, the defendant should be estopped from denying that fact. But we ask, how is the court to know that he does deny such fact; it is not so averred in the bill. It is not alleged that the defendant sets up any claim or interest in said lots. It is not pretended that the defendants had any agency in the sale or misdescription of the property, or that he induced the plaintiffs to purchase; or that he has ever said that he had no title, or that the title had passed by the sheriff. None of these things are set up in the bill. The plaintiffs, in their bill, do allege their ignorance of the mistake until after the execution and delivery of the sheriff's deed; and that the defendant, with a knowledge thereof, failed to advise them of the same. But it must be remembered that this was a forced sale by execution, in which the defendant was not called upon to take any part. He was under no obligation to look after the sheriff, and see that he performed his duty correctly; to levy, for instance, upon his, and not the property of another. He was, so far as the bill shows, entirely passive in the whole transaction, except, at one time, he spoke of redeeming the property. His declining to do so, is an unchallengeable privilege of his own. It does not have the effect to validate the sale, if erroneous; much less is it an estoppel or

waiver of his rights.  But, suppose he is estopped, and, so far as we can judge from the bill, he may so consider himself, nevertheless, that does not answer the plaintiffs' purpose, they want affirmative relief.  By their own laches, and that of the officer, they have failed to get, under the execution sale, a title to the defendants' property, and they now ask the court to compel the defendant to make them a deed to the property, in order to relieve them from the consequences of their own laches. , Courts of equity not unfrequently relieve against innocent mistakes, unmixed with any fault of the applicant, but never against the negligence of such party. · We need not say, that this case is entirely distinct from that of *Lucas* v. *Hart*, 5 Iowa, 415, upon which the plaintiff's counsel so confidently relies.

The order of the court, overruling the demurrer, is reversed.

Reversed.