A. L. Stetson, Appellant, v. The Northern Investment Company, *et al.*, Defendants, A. C. Baker, *et al.*, Garnishees.

**Garnishment:** FINAL ORDER. Plaintiff in garnishment cannot complain of an order directing garnishees to pay into court the money. in dispute, the order not being final.

**Mortgage Foreclosure:** RECEIVER FOR RENTS AND PROFITS. A mortgage provided that in case of default the mortgagee might foreclose, and be entitled to have a receiver appointed, in vacation, to take charge of the property and to collect rents, to be applied on the mortgage debt, and, on foreclosure, the petition alleged that the rents of the property were pledged for the payment of the debt, that they were not being applied, that the defendant was a foreign corporation and insolvent, that the property was insufficient to pay the mortgages and past-due taxes, and other facts showing that the rents were in danger of being lost to the mortgagee *Held*, sufficient to authorize the appointment of a receiver, and that rents accruing after his appointment were not subject to garnishment.

*Appeal from Woodbury District Court.*—Hon. George W. Wakefield, Judge.

Wednesday, April 7, 1897.

THIS appeal is by the plaintiff from an order and decree entered upon a motion to discharge the garnishees. The issues and facts appear in the opinion. —*Affirmed.*

*Shull & Farnsworth* for appellant.

*Joy, Call & Joy* and *William Milchrist* for appellees.

GIVEN, J.—I. Appellees moved to strike the appellant's abstract, which motion was overruled, and therefore we are to take the facts to be as shown in the abstract, the material parts of which are as follows: On April 11, 1895, this plaintiff commenced three separate actions to foreclose three mortgages executed by the defendant company to him to secure certain debts. These mortagages covered all of lots 4, 5, and 6, block 26, Middle Sioux City. Attachments were sued out in each case, and A. C. Baker and sixteen others were served as garnishees. The answers of these garnishees showed that they are tenants of the defendant company, occupying premises other than that covered by plaintiff's mortgages, and that some of them occupied under verbal leases, and some under written leases, extending to different periods of the future. Their answers also showed that some of them were indebted for rents due, and that all would become indebted in the future under said leases. Plaintiff's three actions were consolidated, and form the present action. On the ninth day of May, 1895, T. A. Black, though not a party to this action, filed his motion herein, supported by his affidavit, for the discharge of all of said garnishees except W. Chaffee, and showing as grounds therefor, in substance, as follows: That on the eleventh day of April, 1895, in the case of *Charles C. Harrison v. The Northern*

*Investment Co., et al.*, then pending in said court for the foreclosure of a mortgage upon the real estate occupied by said garnishees, he was appointed and qualified as receiver of all the property of said company involved in said action; also, that he was appointed and qualified prior to the time said garnishees were served with notice of garnishment. Charles C. Harrison, though not a party to this action, did on the eighteenth day of May, 1895, file his motion joining with said Black in asking the discharge of said garnishees. By the record in the *Case of Harrison*, as it appears in the abstract, it was alleged in the petition that the Northern Investment Company was insolvent; that the property covered was insufficient to pay the mortgages and taxes thereon. It was asked, for these and other reasons stated, that a receiver be appointed; and Mr. Baker was appointed and qualified as receiver for all the property of the company described in the mortgage to Mr. Harrison, and ordered to collect all rentals, income, and profits therefrom. It does not appear that any objections were made to the right of these persons to make such motions in this action. The motions having been submitted the court says in the order complained of that "the court is of opinion, and doth adjudge, order, and decree, that as to all rentals payable or accruing on or before the eleventh day of April, 1895, the said motion be, and is hereby, overruled, and as to all rentals accruing and payable after the eleventh day of April, 1895, the said motion of T. A. Black, receiver, and C. C. Harrison is sustained." Following this, it was ordered that the amounts found to be due from the several garnishees up to April 11, 1895, be paid to the clerk of the court, and that upon payment the garnishees be discharged. It was further ordered as follows: "And upon the motion of T. A. Black,

receiver as aforesaid, time is given him until the twentieth day of August, 1895, to file his petition of intervention, claiming the funds so ordered to be paid to the clerk aforesaid."

II. Appellant presents in argument three contentions, namely, that the court had no authority to appoint a receiver under the allegations of Harrison's petition; that Harrison and Black could not give the court jurisdiction to discharge garnishees by simply filing motions in this cause; they not being parties thereto and not filing petitions of intervention; that the garnishment of the tenants made them liable to appellant, in case he is successful in this case against the company, for all rent accrued and to accrue. That part of Harrison's petition asking a receiver states numerous grounds, and at such length as that we should not take space to set them out. It is sufficient to say that the petition shows that the rents of the mortgaged premises are pledged for the payment of the debt, that they are not being applied, that the company is a foreign corporation; that it is insolvent, that the property is insufficient to pay the mortgages and overdue taxes, and other facts showing that the rents were in danger of being lost to the mortgagees. Conceding that the sufficiency of that petition in this respect may be questioned in this case, we think it was sufficient to warrant the appointment of a receiver.

III. Appellant does not question the right of Mr. Black, as receiver, if duly appointed, to intervene in this action to claim said rents, but denies his right to do so by motion. The record fails to disclose, except inferentially, that any such objection was made in the lower court. The abstract was prepared by other than the counsel now appearing, and with the view, no doubt, of not incumbering the abstract with more than was actually necessary to an understanding of

the questions to be presented.   Questionable as the record is as to this contention, we will consider it.   It will be observed that the order of the court is not final, as between these parties, as to the rents due up to April 11, 1895.   The court, having full jurisdiction over that fund, ordered it to be paid into court, to be held until the rights of these parties thereto are determined.   There has been no final order or judgment against appellant as to that fund, and he has nothing of which to complain.   The question as to which of these parties is entitled to that money is not before us, and we express no opinion thereon.

IV.   If nothing further appeared than the pendency of this action and the service and answers of the garnishees, it might be said that they are liable to appellant, in case he is successful in this action against the company, for rents accrued and to accrue under their leases.   The mortgage from the Northern Investment Company to Charles C. Harrison contains the following:   "And it is further agreed that if default shall be made in any of the conditions of this mortgage, or in the bond which it is made and given to secure, that the right of possession of the mortgaged premises, with all the appurtenances thereunto belonging, shall immediately vest in the party of the second part, his heirs or assigns, and he may immediately take possession of the same, and collect all rents, profits, and incomes therefrom, or, at his option, may proceed by foreclosure, and shall then be entitled to have a receiver appointed immediately, and in vacation, for all of the property herein described and embraced, to take charge of the said property, and collect rents, incomes, and profits of the same, to be applied upon the said mortgage debt."   It seems to us entirely clear that under this provision the rents accruing from said mortgaged property

after the appointment of the receiver are assets in his hands, and not subject to garnishment by other creditors. We do not think the court erred in either of the respects claimed, and the order and judgment are therefore AFFIRMED.