L. F. PARKER, Appellee, v. C. L. COE et al., Appellees; C. M. SMITH, Intervener, Appellant.

**RECEIVERS:** Mortgage Foreclosure—Improper Appointment. A receivership for the rents and profits pending mortgage foreclosure is improper when the land itself is adequate security. (See Book of Anno., Vol. 1, Sec. 12713, Anno. 42 *et seq.*)

**FRAUDS, STATUTE OF:** Transfer of Interest in Land—Oral Agreement to Surrender. An oral agreement by a mortgagor of real estate to surrender and abandon the land to the mortgagee is within the statute of frauds. (See Book of Anno., Vol. 1, Sec. 11285, Anno. 107 *et seq.*)

**RECEIVERS:** Mortgage Foreclosure—Prior Assignment of Rent. A receivership pending mortgage foreclosure cannot reach rents in good faith transferred by the mortgagor prior to the foreclosure suit. (See Book of Anno., Vol. 1, Sec. 10032, Anno. 2; Sec. 12713, Anno. 42 *et seq.*)

Headnote 1: 27 Cyc. p. 1623. Headnote 2: 27 C. J. p. 219. Headnote 3: 27 Cyc. p. 1630.

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON, Judge.

OCTOBER 27, 1925.

THE court, on the application of plaintiff in foreclosure of a mortgage on land, appointed a receiver to collect the rents and profits. The intervener, holding an assignment of a lease of the premises from the mortgagor, appeals.—*Reversed and remanded.*

*McCulla & McCulla* and *Claud M. Smith,* for appellant.

*Molyneux, Maher & Meloy,* for L. F. Parker, appellee.

*Kass Bros.,* for Napoleon Truck & Sales Co., appellees.

VERMILION, J.—The plaintiff and appellee commenced an action to foreclose a mortgage covering 240 acres of land and securing an indebtedness of $3,500. The petition was filed April 1, 1924. On August 20, 1924, an amendment to the petition was filed, asking the appointment of a receiver for the land upon an allegation that the security was insufficient to pay the indebtedness.

**1. RECEIVERS: mortgage foreclosure: improper appointment.**

The intervener, Smith, is the holder by assignment from the mortgagor, Coe, of a lease of the premises made on August 19, 1924, by Coe to one Oaks, and a note given by Oaks for a portion of the rent. The lease is for the year ending March 1, 1926, and provides that the lessor shall receive as rent one half of all hay and grain of every kind raised on the premises.

The plaintiff's mortgage is subject to prior mortgages aggregating $33,000. The land is worth, according to the testimony, at least $48,000. Some of the witnesses put its value considerably above that figure.

There are other mortgages on the land junior to plaintiff's, but with them or the rights of the holders we are not here concerned. The evidence is uncontradicted that the land is worth over $10,000 more than is due on plaintiff's mortgage and the liens prior to it. In this situation it cannot be said that it is insufficient security for plaintiff's debt.

Even where the mortgage provides for the appointment of a receiver to collect the rents and profits, we have held that there must be a showing of insufficiency of security, to warrant a court of equity in depriving the owner of the right given him by statute to the possession of the premises during the year for redemption. *Durband v. Ney,* 196 Iowa 574; *Sheakley v. Mechler,* 199 Iowa 1390.

The plaintiff claims that, after the commencement of the foreclosure proceedings, Coe, the mortgagor, abandoned the farm and surrendered it to plaintiff, and, as we understand, the ap-

**2. Frauds, statute of: transfer of interest in land: oral agreement to surrender.** pointment of the receiver is sought to be sustained on this ground. The claimed surrender was in parol, and within the statute of frauds. *Butcher & Cox v. Buchanan,* 17 Iowa 81.

Moreover, we think the evidence, even if admissible, fails to support the claim. According to the testimony of plaintiff, what was said was in a conversation where Coe was demanding $50 for a deed to the farm, which plaintiff refused to pay. Coe, as a witness, denied that the conversation as testified to by plaintiff occurred.

But, if the receiver had been properly appointed under the mortgage, he acquired no right as against the intervener, who held an assignment of the lease from the mortgagor. We have

**3. Receivers: mortgage foreclosure: prior assignment of rent.** repeatedly held that the provision in a mortgage for the appointment of a receiver gives no lien upon the rents and profits until foreclosure proceedings are commenced and a receiver appointed to take possession of them.

"Until the mortgagee has acted, and legally demanded the rents and profits, the mortgagor or his assignee may dispose of them as is desired, without being liable to account therefor to the mortgagee." *Whiteside v. Morris,* 197 Iowa 211; *Smith v. Cushatt,* 199 Iowa 690.

The appointment of a receiver is not retroactive. *Hakes v. North,* 199 Iowa 995.

The receiver was improperly appointed, and the intervener was entitled to the relief asked. The cause is reversed, and remanded for decree in accordance herewith.—*Reversed and remanded.*

Faville, C. J., and Stevens and De Graff, JJ., concur.