JOHN KOOISTRA, Appellee, v. RAY B. GIBFORD et al., Appellees; CLARK NATIONAL BANK, Intervener, Appellant.

MORTGAGES: Rights of Parties—Pledged Rents—Accrual of Right
1 Thereto. The right of a mortgagee to the mortgage-pledged rent of the land becomes fixed in foreclosure proceedings at the point of time when he *prays* for the appointment of a receiver for such rents. A subsequent assignee of such rents, even though prior to the actual appointment of the receiver, takes subject to the mortgagee's right. (See Book of Anno., Vol. 1, Sec. 12713, Anno. 42 *et seq.*)

ASSIGNMENTS: Sufficiency—Nonexistent Lease. A naked oral promise or understanding to assign a nonexistent but contemplated lease
2 is not good against the subsequently accruing rights of a stranger to the understanding.

Headnote 1: 27 Cyc. p. 1250. Headnote 2: 35 C. J. p. 1219 (Anno.)

*Appeal from Jasper District Court.*—H. F. WAGNER, Judge.

FEBRUARY 9, 1926.

THIS is a controversy between the assignee of a lease for a

farm, and a mortgagee whose mortgage was previously foreclosed and a receiver appointed, and involves a question of priority. The Clark National Bank, the assignee of the lease, filed a petition praying an order by the court directing such receiver to turn over to it certain of the rents to become due under the lease. The court dismissed the petition, and entered judgment against it for costs. The Clark National Bank appeals.—*Affirmed.*

*Korf & Korf* and *O. P. Myers,* for appellant.

*Cross & Hamill,* for appellees.

STEVENS, J.—On or about March 1, 1920, Ray B. Gibford and wife executed a note for $34,000 to John Kooistra, plaintiff and appellee, securing the payment thereof by mortgage upon 160 acres of land in Jasper County. The mortgage contained the following provision, pledging the rents and profits to the payment of the indebtedness in the event that suit should be commenced to foreclose the mortgage:

1. MORTGAGES: rights of parties: pledged rents: accrual of right thereto.

"A failure to comply with any of the agreements hereof shall cause the whole debt at once to become due and collectible, at the option of the second party without notice, and said second party or assigns may take immediate possession of said land and account for the net profit only, and said second party or assigns shall be entitled to have a receiver appointed to take immediate possession of said land, and to have the net profits thereof applied on said indebtedness until the same shall have been fully paid. Said taking possession shall in no way retard collection or foreclosure."

On or about March 12, 1924, action was commenced and petition filed to foreclose the mortgage, in which the appointment of a receiver was prayed. On April 29th, a receiver was appointed by the court, and on May 5th he qualified, and entered upon the discharge of his duties. H. L. Morgan, in the meantime, secured the legal title to the mortgaged premises, and on April 17, 1924, leased the land to one Hasselman, by written lease, for one year, commencing March 1, 1924. On

the same date, the lessor assigned the lease to appellant, as security for an antecedent debt to the bank.

The claim of appellant for the rent is based upon the written assignment of the lease of April 17th, and also an alleged prior oral assignment thereof. It is conceded that appellee's mortgage was not indexed or recorded in the chattel mortgage record. It will be observed that the written assignment of the lease bears date subsequent to the commencement of the action by appellee to foreclose his mortgage, but prior to the appointment and qualification of the receiver. The law is well settled in this state that a mortgagee has no lien upon the rents and profits arising from the mortgaged premises under a clause merely pledging the same as security for the debt, and without making the same a present lien thereon, until an action to foreclose the mortgage is commenced, and the appointment of a receiver requested. *First Nat. Bank v. Security Tr. & Sav. Bank,* 191 Iowa 842; *Whiteside v. Morris,* 197 Iowa 211; *Sheakley v. Mechler,* 199 Iowa 1390; *Hakes v. North,* 199 Iowa 995; *Rodgers v. Oliver,* 200 Iowa 869; *Parker v. Coe,* 200 Iowa 862. See, also, *Young v. Stewart,* 201 Iowa 301.

There seems to be some misunderstanding as to the rule declared by the above cases. It is true that in some of them reference is made to the commencement of the action to foreclose the mortgage, and in others, to the appointment and qualification of the receiver, as the time when the lien of the mortgage attached. When analyzed in the light of the facts, there is no conflict in these holdings. The commencement of the action and the request for the appointment of a receiver, and not the date on which the appointment is made, fix the time for determining questions of priority between the mortgagee and third parties claiming a right to the rents and profits or a lien thereon. This is the rule in other jurisdictions. *Davis v. Mazzuchelli,* 238 Mass. 550 (131 N. E. 186); *Dow v. Memphis & L. R. R. Co.,* 124 U. S. 652 (31 L. Ed. 565).

If it were otherwise, unless the mortgage by its terms created a specific lien upon the rents and profits, and it is indexed and recorded in the chattel mortgage records, so as to impart constructive notice, the mortgagor could always defeat the provision of the mortgage after foreclosure proceedings were

instituted, and before a receiver was actually appointed and qualified, by assigning the same to a third party, or in other ways. When the receiver is appointed, the appointment relates back to the commencement of the action, if the appointment of a receiver is then requested, and if not, to the time when request is made therefor by a proper pleading in the case. We said in *Hakes v. North,* supra, that provisions in mortgages similar to the one quoted above are a part of the remedy provided for the collection of the mortgage, and operate upon the personalty only upon and after the commencement of the action, and, of course, the request for the appointment of a receiver, followed by the appointment thereof. Upon this point see *Davis v. Maz-zuchelli,* supra, and *Dow v. Memphis & L. R. R. Co.,* supra.

It will be observed that in all of the cited cases the judgment and levy of execution upon the rents or profits or the assignment thereof by the mortgagor occurred prior to the commencement of the action to foreclose the mortgage, except in *Parker v. Coe,* supra, where the order appointing a receiver was reversed. It is true that, in *Hakes v. North,* supra, we said that the appointment of a receiver is not retroactive; but in that case the contention was that the appointment related back to the date of the mortgage, and the language referred to was used in denial of this contention.

The written assignment of the lease from Morgan, the holder of the legal title to the land, to appellant was subsequent to the commencement of the action to foreclose the mortgage, and to the request for the appointment of a receiver. This being true, whatever right appellant acquired to the rent was junior to that of appellee. But appellant alleges and relies upon a prior oral assignment of the lease. On this point the president

2. ASSIGNMENTS: sufficiency: nonexistent lease.

of appellant bank, as a witness in its behalf, testified to a conversation between the witness and Morgan in the fall of 1923, which was long prior to the date on which the lease was executed, and before a tenant had been secured for the land, in which Morgan agreed to assign the lease to the bank, as security for his indebtedness to it. The record does not disclose that there were any further oral negotiations for the assignment of the lease prior to April 17, 1924, the date upon which the lease and the written assign-

ment were executed. There was no lease in existence in the fall of 1923 which could be the subject of assignment. The most, it seems to us, that can be claimed for the conversation shown by the testimony on this point would be that there was an oral understanding that, when a tenant was secured for the farm for the season of 1924, and a lease entered into, Morgan would assign it to appellant, for the purpose stated. The question is not whether a valid oral assignment can be made of a lease which is in existence, but whether such oral assignment was, or could be, made at the time stated. The parties evidently contemplated that the farm would be leased, and that, when the lease was executed, the lessor would execute an assignment thereof. The facts do not, in our opinion, establish an oral assignment prior to the commencement of appellee's action to foreclose the mortgage. We therefore must hold that the judgment of the trial court dismissing appellant's application for an order directing the receiver to pay the rent to it, when collected, was proper. It is, therefore,—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.