JAMES S. YOUNG, Appellee, v. JOHN D. STEWART et al., Appellees; B. F. SIMPSON, Appellant.

MORTGAGES: Foreclosure—Receiver When Rents Not Pledged. A receiver of the rents of mortgaged premises may not be appointed in foreclosure proceedings when the mortgage is silent as to the rents and a receiver therefor, and when the premises are held by a subsequent grantee who has not assumed payment of the mortgage. An appointment in such a case must be for the sole purpose of *preserving the security* specified in the mortgage, and then only on a very persuasive showing of necessity. (See Book of Anno., Vol. 1, Sec. 12713, Anno. 42 *et seq.*)

MORTGAGES: Rights of Parties—Pledge of Rents—Accrual of Lien. A general pledge of the rents of mortgaged real property gives the mortgagee a lien thereon only from the point of time when the appointment of a receiver of such rents is *prayed for* in foreclosure proceedings.

Headnote 1: 27 Cyc. pp. 1623, 1624. Headnote 2: 27 Cyc. p. 1250.

*Appeal from Adair District Court.*—J. H. APPLEGATE, Judge.

FEBRUARY 9, 1926.

ACTION for the foreclosure of a mortgage and for the appointment of a receiver. The appeal is only from the order appointing a receiver.—*Reversed.*

*Wilson & Kellam,* for appellant.

*Musmaker & Musmaker,* for appellee.

FAVILLE, J.—In the year 1919, appellee owned a certain farm, which he sold and conveyed to the defendant Stewart. A part of the consideration for the purchase of said farm was

1. MORTGAGES: foreclosure: receiver when rents not pledged.

represented by the mortgage in suit. Stewart took possession of said farm, and occupied the same until March 1, 1924; and on or about the said date, rented the said farm for one year, and on or about March 1, 1925, rented the farm to another tenant for a second year. While said lease was in force, and on or about the 23d day of March, 1925, Stewart and his wife entered into a written contract with appellant to sell him their equity in said land, and thereafter, on April 10, 1925, conveyed the said premises to appellant by a full warranty deed. This action to foreclose appellee's mortgage was commenced in June, 1925. Appellant claims the right to the rentals accruing on said farm for the year 1925, under his deed to said premises.

The mortgage is in the ordinary and usual form of real estate mortgages, and contains no clause whatever with reference to the rents and profits on said land, or the appointment of a receiver.

By the terms of the warranty deed from Stewart to appellant, the latter did not assume the outstanding mortgage incumbrance on said premises.

It appears from the evidence that the mortgagor is insolvent. There is also evidence tending to show that the mortgagor did not keep up repairs on the premises, and that the buildings were not in a good state of preservation at the time the action was commenced. It is also apparent that interest at the time of the trial had accumulated on the first mortgage on said premises, and also the taxes had become due thereon.

The sole question for our determination is whether or not

the court erred in appointing a receiver with power and authority to collect the rents and profits during the year of redemption, and to deprive appellant of any right or interest therein.

It is generally recognized that a court of equity has plenary power to appoint a receiver in a proper case. *Hirsch, Elson & Co. v. Israel,* 106 Iowa 498; *United States Tr. Co. v. New York, W. S. & B. R. Co.,* 101 N. Y. 478 (5 N. E. 316); *Grant v. Phoenix L. Ins. Co.,* 121 U S. 105; *Shepherd v. Pepper,* 133 U. S. 626; *Gaynor v. Blewett,* 82 Wis. 313 (52 N. W. 313).

In this state we have a statute (Section 12713, Code of 1924) in regard to the matter, as follows:

"On the petition of either party to a civil action or proceeding, wherein he shows that he has a probable right to, or interest in, any property which is the subject of the controversy, and that such property, or its rents or profits, are in danger of being lost or materially injured or impaired, and on such notice to the adverse party as the court or judge shall prescribe, the court, or, in vacation, the judge thereof, if satisfied that the interests of one or both parties will be thereby promoted, and the substantial rights of neither unduly infringed, may appoint a receiver to take charge of and control such property under its direction during the pendency of the action, and may order and coerce the delivery of it to him."

The question of the appointment of a receiver in mortgage foreclosure cases arises, naturally, in one of two situations: (1) Where the rents and profits arising from the mortgaged premises are pledged in the mortgage as a security for the mortgage indebtedness, and the mortgage contains a stipulation that a receiver may be appointed, to take possession of said rents and profits and subject them to the satisfaction of the mortgage debt; and (2) where the mortgage does not pledge the rents and profits arising from the mortgaged premises, and no provision is made for the appointment of a receiver.

In the first instance, where the rents and profits are pledged by the terms of the mortgage, and provision is made therein for the appointment of a receiver, we have held that the mort-

gagee acquires no lien, by virtue of his mort-
gage, upon the rents and profits of the mort-
gaged premises until foreclosure proceedings
are commenced and the appointment of a re-
ceiver is prayed. *Swan v. Mitchell,* 82 Iowa 307; *Des Moines
Gas Co. v. West,* 44 Iowa 23; *Paine v. McElroy,* 73 Iowa 81;
*Hubbell v. Avenue Inv. Co.,* 97 Iowa 135; *Stetson v. Northern
Inv. Co.,* 101 Iowa 435; *First Nat. Bank v. Security Tr. & Sav.
Bank,* 191 Iowa 842; *Whiteside v. Morris,* 197 Iowa 211; *Smith
v. Cushatt,* 199 Iowa 690; *Rodgers v. Oliver,* 200 Iowa 869;
*Parker v. Coe,* 200 Iowa 862; *Kooistra v. Gibford,* 201 Iowa
275. And it does not necessarily follow that, because the rents
and profits are pledged in the mortgage, a receiver will in every
case, *ipso facto,* be appointed to take possession of the same
when foreclosure is commenced. *Parry v. West* (Iowa), 197 N.
W. 297 (not officially reported); *Aetna Life Ins. Co. v.
Broecker,* 166 Ind. 576 (77 N. E. 1092). Even in a case where
the rents and profits are pledged and stipulation provides for
the appointment of a receiver, it is still within the sound dis-
cretion of the chancery court to determine whether the appoint-
ment of a receiver is necessary and proper, in view of all of the
facts and circumstances as disclosed by the record in the case.
*Sheakley v. Mechler,* 199 Iowa 1390. See, also, *Des Moines Gas
Co. v. West,* supra.

Quite a different situation, however, arises where the rents
and profits are in no way pledged as security for the mortgage
indebtedness and there is no stipulation in the mortgage for
the appointment of a receiver to collect the rents and profits.
Under such circumstances, the mortgagee has a lien on the real
estate as security for the debt. He is not the owner of the
premises by virtue of the mortgage, but merely the holder of a
lien thereon. The mortgagor is entitled to the possession of
the premises, not only pending the foreclosure of the mortgage,
but also during the period of redemption after sale under a
foreclosure decree. *Hakes v. North,* 199 Iowa 995.

It is true that, under the plenary power vested in a court
of equity, and under the statute, a situation might arise where
a court could properly appoint a receiver to take charge of
the mortgaged premises upon the commencement of the suit of

2. MORTGAGES:
rights of par-
ties: pledge of
rents: accrual
of lien.

foreclosure, even though the rents and profits were not pledged and there was no stipulation for the appointment of a receiver. Such power is conferred by the statute (Section 12713), and is within the plenary power of a court of equity: but such power could only be exercised in a foreclosure case where there was an ample and sufficient showing that the security—to wit, the real estate covered by the mortgage—was inadequate security for the debt; that the mortgagor was insolvent; and that the security itself would be impaired or would suffer waste or deterioration unless a receiver was appointed. The power to appoint the receiver in such a case, where nothing but the real estate itself is pledged, is not a power to add to the security of the mortgagee by giving him, through the instrumentality of a receiver, rents and profits, or possession of the real estate, or anything more than the security granted him by his mortgage. The appointment of a receiver in such a case can only be justified where it clearly appears to the chancellor that a receiver is necessary, to *preserve* the security. But a mortgagee cannot, through the instrumentality of a receiver, *enhance* the security by the appropriation to the payment of the mortgage debt of property not embraced within the terms of the mortgage.

No such exigency appears in this case as would justify the appointment of a receiver to take possession of the mortgaged premises, in order to save the real estate and its appurtenances intact and prevent material waste, impairment, or destruction of the security actually pledged under the mortgage. Furthermore, the mortgagor had an absolute right to dispose of the rents and profits, without being liable to account therefor to the mortgagee in any way. *Whiteside v. Morris,* supra, and cases cited therein.

The mortgagor conveyed his right of redemption to appellant by warranty deed, which carried with it the right to the possession of the real estate during the year of redemption under the foreclosure proceedings, and gave to appellant the right to the rents and profits of the said real estate. The deed from the mortgagor to appellant was executed and delivered some weeks before appellee instituted the foreclosure proceedings. At that time appellant, under his deed, was entitled to the rents and profits of the premises, and appellee had no right thereto. The

case is in many respects similar to *American Inv. Co. v. Farrar,*
87 Iowa 437.

It may be·conceded that a court of equity has the plenary
power to appoint a receiver in a proper case in a foreclosure of
a real estate mortgage where the rents and profits are not
pledged and no provision is made in the mortgage for the ap-
pointment of a receiver, under an ample and sufficient showing
as to. insolvency and waste and deterioration of the mortgaged
premises, and where it clearly appears that such appointment
is a necessity, in order to protect and preserve the integrity of
the security under the mortgage and prevent physical destruc-
tion, deterioration, or waste, and where the rights of third par-
ties in and to the possession of said property or the rents and
profits have not intervened.   The instant case presents no such
situation whatever.

The court erred in appointing a receiver to take possession
of said property and of the rents and profits derived therefrom.
The decree of the court in this respect must be, and it is,—
*Reversed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.