MINNIE HUBER, Appellant, v. A. W. GAINES et al., Appellees.

RECEIVERS: Foreclosure Proceedings—Non-Pledge of Rents. A receiver will not be appointed in real estate foreclosure to take charge of the rents during redemption period when the mortgage contains no provision for such appointment and does not pledge the rents. (See Book of Anno., Vol. 1, Sec. 12713, Anno. 42 *et seq.*)

Headnote 1: 27 Cyc. pp. 1730 (Anno.), 1738.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

. JUNE 21, 1926.

This is a contest over the right to the income from mortgaged real estate, pending the period of redemption from foreclosure sale. The suit is to foreclose a first mortgage which contains no receivership clause, and does not pledge the income to

the payment of the mortgage debt. The defendant bank receiver holds a second mortgage, which does pledge the income and does contain a receivership clause. Suit to foreclose the second mortgage was brought prior to the institution of the present suit. A receiver in that suit was appointed. In the present suit, the court found that the appointment of the receiver in the first foreclosure suit was sufficient to protect the rights of the parties, and that no useful purpose would be served by appointing another receiver, and ordered the receivership continued for the benefit of both the plaintiff and the defendants in this suit, as their interests might appear. Special execution sales were had on both decrees, and deficiency judgments resulted in both cases. The defendant bank receiver took out a general execution on his deficiency judgment, and levied on the crops. The trial court held, in effect, that the plaintiff was not entitled to a receiver, and had no right to the crops. The plaintiff appeals.—*Affirmed*.

*William P. Welch,* for appellant.

*P. E. Roadifer,* for appellees.

MORLING, J.—The abstract shows no exception to the ruling of the trial court here complained of. Were there such an exception, it could not be sustained. *Young v. Stewart,* 201 Iowa 301; *Howe v. Briden,* 201 Iowa 179; *Kooistra v. Gibford,* 201 Iowa 275. The order is—*Affirmed*.

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.