FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v. WILLIS A. SMITH et al., Appellees.

No. 42808.

MARCH 5, 1935.

Wm. A. Hunt, for appellant.

Jones & White and Lloyd Williams, for appellees.

PARSONS, J.—▐ In this case Willis A. Smith and Rena E. Smith gave a mortgage to the plaintiff, appellant, on certain described premises in Wapello county, Iowa, on February 8, 1923. The same was duly filed for record, and was to secure the sum of $16,500. The same defendants, the Smiths, gave a mortgage on the same premises to the Agency Savings Bank of Agency, Iowa, which bank was placed in receivership first with L. A. Andrew, superintendent of banking, as receiver, who has been succeeded by D. W. Bates as superintendent of banks as receiver. The mortgage was given to one Enyart as cashier of the bank, and by him assigned to Andrew as receiver. This mortgage was duly recorded in Wapello county, Iowa, hence the lien of plaintiff's mortgage was ahead of the Enyart mortgage. Each mortgage contained a clause pledging the rents and profits of the mortgaged property to the payment of the mortgage, and had provision therein for the appointment of a receiver on the commencement of foreclosure proceedings. June 11, 1932, Andrew, as receiver, filed in the Wapello county district court a petition to foreclose the mortgage held by him. In that petition he prayed for a receiver, and claims by this proceeding to have created a lien on the rents and profits for the year of redemption. On August 10, 1932, the land bank filed a petition to foreclose its mortgage and prayed for a lien on the rents and profits and the appointment of a receiver. So the land bank was first in taking and recording its mortgage and second in point of time in applying for a receiver. The court entered a decree foreclosing the land bank's mortgage and giving it a first lien on the premises covered by the mortgage, and barred and foreclosed all right and title, equity and interest, in the land, against all the defendants, with the following reservation: "except to the right of the said D. W. Bates, receiver of the Agency Savings Bank, to the rents and profits during the redemption period" to apply on the indebtedness.

In Kooistra v. Gibford, 201 Iowa 275, 207 N. W. 399, this court held that:

"The right of a mortgagee to the mortgage-pledged rent of the land becomes fixed in foreclosure proceedings at the point of time when he *prays* for the appointment of a receiver for such rents. A subsequent assignee of such rents, even though prior to the actual appointment of the receiver, takes subject to the mortgagee's right."

After citing several cases, the court said, in Andrew v. Haag, 215 Iowa 282, 245 N. W. 436, 439:

"There seems to be some misunderstanding as to the rule declared by the above cases. It is true that in some of them reference is made to the commencement of the action to foreclose the mortgage, and in others, to the appointment and qualification of the receiver, as the time when the lien of the mortgage attached. When analyzed in the light of the facts, there is no conflict in these holdings. The commencement of the action and the request for the appointment of a receiver, and not the date on which the appointment is made, fix the time for determining questions of priority between the mortgagee and third parties claiming a right to the rents and profits or a lien thereon. This is the rule in other jurisdictions."

These two opinions state the law applicable to the case under consideration.

It is claimed by the appellant that chapter 181 of the Forty-fifth General Assembly makes a different rule and provides as follows:

"Section 1. Whenever any real estate is incumbered by two or more real estate mortgages which in addition to the lien upon the real estate grant to the mortgagee the right to subject the rents, profits, avails and/or income from said real estate to the payment of the debt secured by such mortgage, the priority of the respective mortgagees under the provisions of their mortgages affecting the rents, profits, avails and/or incomes from the said real estate shall, as between such mortgagees, be in the same order as the priority of the lien of their respective mortgages on the real estate."

This act, in our opinion, cannot affect this case, for the reason that the rights of the second mortgagee to the rents and profits during the period of redemption, under the cases before cited, belong to the mortgagee first invoking the court to appoint a receiver to appropriate for his benefit the rents and profits. The petition of the defendants asking the foreclosure of the second mortgage was filed on the 11th day of June, 1932. The legislature which enacted chapter 181 had not even been elected, and the act itself was not approved until February 21, 1933, and was not fully published until March 2, 1933. With all the power of the legislature, it will hardly be claimed under the Constitution of the state,

that it has the power by a legislative enactment to divest a lien or right in property already acquired before the passage of the act undertaking to divest the lien.

Hence, upon the record as it stood, the district court in this case was right in giving to the second mortgagee the rents and profits during the redemption period. For these reasons, the decision of the court below in this case is affirmed.

ANDERSON, C. J., and ALBERT, DONEGAN, KINTZINGER, POWERS, and RICHARDS, JJ., concur.