FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v. ORPHA B. ROBERTS BLOUNT et al., Appellees.

No. 43806.

1340

SEPTEMBER 28, 1937.

Boardman & Cartwright, for appellant.

Cross & Hamill, for appellees.

DONEGAN, J.—In February, 1926, the defendants, Orpha B. Roberts Blount and Samuel Blount executed a mortgage in the sum of $5,000 to the plaintiff, The First Trust Joint Stock Land Bank of Chicago, to secure their note for that amount payable in installments which included both principal and interest. The title to the land was in Orpha B. Roberts Blount. No conveyance of rents and profits was contained in the granting clause of the mortgage, but the mortgage contained a provision "that the rents and profits of said real estate are hereby pledged as security for the payment of said debt; and that in case of foreclosure of this mortgage for any cause, the holder of same shall be entitled to have a receiver appointed to take possession of said property pending foreclosure, sale and the period of redemption, and to collect the rents of said real estate, and apply the same to the payment of said debt and interest and costs of

suit." On the 29th day of April, 1936, the First Trust Joint Stock Land Bank of Chicago began this action in equity asking for a judgment against the defendants in the sum of $4,615.30, with interest and costs, for the foreclosure of the mortgage, and for the appointment of a receiver to take charge of the rents and profits.

Following the filing of the petition for foreclosure the plaintiff, on the —— day of May, 1936, filed a motion for the appointment of a temporary receiver. After referring to the provision of the mortgage pledging the rents and profits and providing for the appointment of a receiver, this motion alleged that, upon the filing of said petition, a lien was created upon all crops upon the mortgaged premises; that there are crops upon said premises which have been or will be harvested before a hearing can be had upon the appointment of a permanent receiver; that, before such permanent receiver can be appointed, the defendants will sever such crops and dispose of same, thus destroying or endangering plaintiff's lien thereon; that the defendants are insolvent and no judgment can be collected from them; and asked the court to appoint a temporary receiver to take charge of and conserve said crops until such time as the court may have a hearing upon the petition for the appointment of a permanent receiver, or that the court order an injunction to issue enjoining defendants from the use or disposition of said crops pending the hearing on said petition. To this motion of plaintiff the defendants filed a resistance. Hearing was had, and the trial court overruled the plaintiff's motion, refused to appoint a temporary receiver or to grant a temporary injunction against the defendants. From this ruling the plaintiff appeals.

▐█▌ In numerous decisions of this court we have held that a mortgage, such as that involved in this case, which does not convey the rents and profits in the granting clause, but merely pledges them in another part of the mortgage, does not constitute a chattel mortgage as to such rents and profits and does not create a lien upon the rents and profits prior to the filing of a petition for the foreclosure of the mortgage and a request for the appointment of a receiver. Andrew v. Haag, 215 Iowa 282, 245 N. W. 436; Kooistra v. Gibford, 201 Iowa 275, 207 N. W. 399, 400, and cases therein cited.

▐█▌ It is also well established by our decisions that, when a petition for the foreclosure of a mortgage, containing a pledge

of rents and profits and a provision for the appointment of a receiver, is filed and the appointment of a receiver is requested, all questions of priority between the mortgagee and other persons claiming a right to the rents and profits or a lien thereon are fixed as of the date of the filing of such petition and request for the appointment of a receiver, provided such appointment of a receiver be actually made by the court. Kooistra v. Gibford, 201 Iowa 275, 207 N. W. 399, 400; Andrew v. Haag, 215 Iowa 282, 245 N. W. 436. As said in the Kooistra case, supra, ''When the receiver is appointed, the appointment relates back to the commencement of the action, if the appointment of a receiver is then requested, and if not, to the time when request is made therefor by a proper pleading in the case.'' Our cases also hold that, under a provision of a mortgage pledging rents and profits and providing for the appointment of a receiver, the security furnished by the pledge of such rents and profits is only secondary, and that the provision for the appointment of a receiver is a part of the remedy. Hakes v. North, 199 Iowa 995, 203 N. W. 238; Kooistra v. Gibford, 201 Iowa 275, 207 N. W. 399.

 While the filing of a petition asking for the foreclosure of a mortgage and the appointment of a receiver, in accordance with the provision of such mortgage, may fix the priority of rights and liens as between the mortgagee and other persons, it does not entitle the mortgagee to the immediate appointment of such receiver. Young v. Stewart, 201 Iowa 301, 207 N. W. 401; Parker v. Coe, 200 Iowa 862, 205 N. W. 505; Des Moines Joint Stock Land Bank v. Danson, 206 Iowa 897, 220 N. W. 102, 221 N. W. 542; Cooper v. Marsh, 201 Iowa 1262, 207 N. W. 403. As the security of such rents and profits is only secondary, it cannot be resorted to until the primary security furnished by the land itself is exhausted. It has become quite common practice, therefore, to continue the matter of the appointment of a receiver until after the land has been sold, and it has thus been determined whether or not it will be necessary to resort to the rents and profits. This is not a rule that is applicable to all cases without exception. If, in the discretion of the court, the facts warrant such action, a receiver may be appointed prior to the sale of the land; but, in such cases, a showing must be made that the mortgagors are insolvent and that the land is insufficient in value to pay the mortgage indebtedness without resorting to such rents and profits. Sheakley v. Mechler, 199 Iowa 1390, 203 N. W.

929; Parker v. Coe, 200 Iowa 862, 205 N. W. 505; Des Moines Joint Stock Land Bank v. Danson, 206 Iowa 897, 220 N. W. 102, 221 N. W. 542; Davenport v. Thompson, 206 Iowa 746, 221 N. W. 347.

██ In this case the defendants resisted the plaintiff's motion for the appointment of a temporary receiver or the issuance of a temporary injunction, on the ground that the land described in the mortgage as the primary security for the indebtedness was more than sufficient to pay the entire balance of such indebtedness, with interest and costs. If this were true, there would be no necessity for the plaintiff to resort to the rents and profits. In such a situation, the primary security of the land being more than sufficient to pay the entire balance of the mortgage indebtedness, the mortgagee would have no right to take charge of or interfere with the secondary security of the rents and profits. This issue was tried and submitted to the trial court upon the hearing of the plaintiff's motion and the defendants' resistance thereto. Evidence was introduced as to the insolvency of the defendant mortgagors and as to the value of the mortgaged land. Upon the evidence thus placed before it the court found that the mortgaged land was of more than sufficient value to pay the entire balance of the indebtedness owing to the plaintiff, and refused to appoint a temporary receiver or order the issuance of a temporary injunction. In appointing or refusing to appoint a receiver, and in granting or refusing to grant a temporary injunction, the court exercises a wide discretion, and this discretion cannot be controlled by a provision in a mortgage. Sheakley v. Mechler, 199 Iowa 1390, 203 N. W. 929. Moreover, the provision in the mortgage did not entitle the plaintiff to the appointment of a temporary receiver prior to the sale of the land without a showing both that the mortgagors were insolvent and the land insufficient in value to pay the mortgage indebtedness. By asking for such appointment of a temporary receiver the plaintiff voluntarily undertook to show the insolvency of the mortgage debtors and the insufficiency of the security furnished by the land. Des Moines Joint Stock Land Bank v. Danson, 206 Iowa 897, 220 N. W. 102, 221 N. W. 542. We think the evidence amply supports the finding made by the trial court and that its ruling was correct, and such ruling is, therefore, affirmed.—Affirmed.

HAMILTON, C. J., and all Justices concur.