In the Matter of Darrell D. RIEF, Pamela K. Rief, Debtors.

In the Matter of Ronald E. RIEF, Alvera Diane Rief, Debtors.

In the Matter of Harold H. RIEF, Debtor.

Bankruptcy Nos. 87–1429–W, 87–1428–W, 87–1426–W.

United States Bankruptcy Court, S.D. Iowa

Feb. 29, 1988.

William L. Needler, Chicago, Ill., Jack W. Peters, Council Bluffs, Iowa, for debtors.

Thomas O. Ashby, Omaha, Neb., for FLB.

Linda R. Reade, Asst. U.S. Atty., Des Moines, Iowa, for Government.

## ORDER ON APPLICATION TO SEQUESTER RENTS AND PROFITS

LEE M. JACKWIG, Chief Judge.

On July 7, 1987 a telephonic hearing on applications to sequester rents and profits and conditional request for hearing in the above entitled cases filed on behalf of the Federal Land Bank of Omaha (FLB) was held before this court in Des Moines, Iowa. Thomas O. Ashby appeared on behalf of the FLB and William L. Needler appeared on behalf of the debtors. At the close of the hearing the parties were given until July 30, 1987 to submit briefs addressing whether the creditor is entitled to rents and profits under the facts of the case and whether the relief sought is properly raised by an application to sequester. The matter was considered fully submitted on August 3, 1987.

The above-named debtors filed petitions for relief under Chapter 11 on May 28, 1987. Each debtor is indebted to the FLB as evidenced by promissory notes and mortgages granting the FLB an interest in rents, issues and profits in addition to a lien on real estate. On August 1, 1985 the FLB brought an action to foreclose its mortgage, collect rents and profits from the mortgaged premises and obtain appointment of a receiver. On February 9, 1987 the Iowa District Court for Pottawattamie County entered a judgment and decree of foreclosure in favor of the FLB. Pursuant to the judgment and decree, a foreclosure sale was scheduled for May 29, 1987. The judgment and decree also gave the FLB leave to obtain a hearing on any request for a receiver. A hearing on the post-decree request was held on April 6, 1987 and the district court took the matter under advisement. Before a ruling on the receivership application was made the debtors filed these bankruptcy cases.

The FLB asserts that it has done every act necessary under Iowa law to establish entitlement to rents and profits. The FLB contends that the failure of the district court to rule on its request for a receiver prior to the bankruptcy filing should not preclude the FLB from a lien on the rents and profits. The debtors argue that no lien on rents and profits was created in favor of the FLB because a receiver was not appointed prior to the bankruptcy filing. They further assert that the FLB is precluded by the automatic stay for taking any act to create, perfect or enforce a lien against property of the estate.

Both parties rely on this court's decision in *Matter of Spears*, 83 B.R. 621 (Bankr.S. D.Iowa 1987) *aff'd*, Case No. 87–569–A (S.D.Iowa, November 4, 1987). In *Spears* this court denied a creditor's motion to prohibit use of cash collateral consisting of rents and profits because the creditor did not possess a lien in the same by virtue of its failure to commence a foreclosure action and request appointment of a receiver. While the factual situation in *Spears* is distinguishable from these cases, the legal principles are basically the same.

As noted in *Spears*, this court must look to state law to determine a mortgagee's interest in rents and profits. *Butner v.*

*United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979); *Matter of Village Properties, Ltd.,* 723 F.2d 441, 445 (5th Cir.1984). Under Iowa law a mortgage pledge of rents and profits does not create a lien on the rents and profits until a foreclosure action is commenced and appointment of a receiver is requested. *In re Winzenburg,* 61 B.R. 141, 143 (Bankr.N.D. Iowa 1986); *Andrew v. Haag,* 215 Iowa 282, 245 N.W. 436, 439 (1932); *John Hancock Mutual Life Insurance Co. v. Linnan,* 205 Iowa 776, 218 N.W. 46 1928).

The FLB has expressed some confusion over when a lien on rents and profits attaches according to this court's analysis in *Matter of Spears.* That decision refers to *Kooistra v. Gibford,* 201 Iowa 275, 207 N.W. 399, 399–400 (1926) which addresses the FLB's concern as follows:

> There seems to be some misunderstanding as to the rule declared by the above cases. It is true that in some of them reference is made to the commencement of the action to foreclose the mortgage and in others to the appointment and qualification of the receiver as the time when the lien of the mortgage attached. When analyzed in the light of the facts, there is no conflict in these holdings. The commencement of the action and the request for the appointment of a receiver and not the date on which the appointment is made fixes the time for determining questions of priority between the mortgagee and third parties claiming a right to the rents and profits or a lien thereon. This is the rule in other jurisdictions. *Davis v. Mazzuchelli,* 238 Mass. 550, 131 N.E. 186; *Dow v. Mem-*

*phis, etc., R.R. Co.,* 124 U.S. 652, 8 S.Ct. 673, 31 L.Ed. 565.

> If it were otherwise, *unless the mortgage by its terms created a specific lien upon the rents and profits, and it is indexed and recorded in the chattel mortgage records, so as to impart constructive notice,* the mortgagor could always defeat the provision of the mortgage after foreclosure proceedings were instituted and before a receiver was actually appointed and qualified by assigning the same to a third party or in other ways. When the receiver is appointed, the appointment relates back to the commencement of the action, if the appointment of a receiver is then requested, and, if not, to the time when request is made therefor by a proper pleading in the case. (Emphasis added.)[1]

The doctrine of the *Kooistra* case has been consistently followed since it was laid down. "The mortgagee, having requested the appointment of a receiver in his pleadings, has done everything in his power to bring his lien to fruition, and he should not be penalized for delay in the appointment which is completely beyond his control". *Note,* 27 Iowa L.Rev. 626, 635 (1942).

▰ In this case the FLB has done everything in its power to bring its lien on rents and profits to fruition. The state court's decision regarding the actual appointment would, if entered in the FLB's favor, perfect that lien.

At the time of the hearing, the undersigned questioned whether the relief sought by the FLB was properly raised by an application to sequester. Apparently the FLB relies upon cases which hold that in the event bankruptcy law precludes a

---

1. The mortgage in the *Spears* case contained a *pledge* of rents and profits. Based on the mortgage alone, the lien on rents and profits would not attach until a foreclosure action was commenced and appointment of a receiver was requested. *First–Trust Joint Stock Land Bank v. Blount,* 223 Iowa 1339, 275 N.W. 64 (1937). The mortgage in this case includes language in the granting clause which creates interest in rents and profits. *Id.* However, Iowa's abandonment of lien perfection of chattel mortgages by indexing and its adoption of the Uniform Commercial Code may make the distinction one without a difference in many contexts. *See*

1965 Iowa Acts ch. 413, section 10102 (repealed Iowa Code chapter 556 which governed chattel mortgages). That is, whether a creditor in a non bankruptcy setting relies upon pledge language or a granting clause in a mortgage, that creditor must seek perfection by commencing a foreclosure action and asking that a receiver be appointed. The perfection is complete only upon actual appointment, but the effective date for purposes of priority then becomes the date upon which the appointment of the receiver was requested. The impact of 11 U.S.C. § 546(b) is discussed infra.

mortgagee from perfecting its rights to rents and profits, the mortgagee may still establish its priority by sequestering the rents in the bankruptcy court. *See Butner v. United States,* 440 U.S. 48, 56–57, 99 S.Ct. 914, 918–19, 59 L.Ed.2d 136 (1979); *In re Johnson,* 62 B.R. 24, 29 (Bankr. 9th Cir.1986); *Matter of Village Properties,* 723 F.2d 441, 446 (5th Cir.1984); *In re Anderson,* 50 B.R. 728, 732–33 (D.C.Neb. 1985). These cases look to the exception from the effect of the automatic stay provided in 11 U.S.C. section 362(b)(3) which states:

> (b) The filing of a petition under section 301 ... does not operate as a stay—
>
> ....
>
> > (3) under subsection (a) of this section, of any act to perfect an interest in the property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title ...

Reference to section 546(b) reveals that a trustee's powers "are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection." Thus, notwithstanding the automatic stay, postpetition action to perfect a lien is permissible as long as, under state law, perfection relates back to a pre-filing date. *See In re Stern,* 44 B.R. 15, 20 (Bankr.D.Mass.1984). In other words, if under state law perfection relates back to a pre-filing date, the creditor's lien is effective as against the debtor-in-possession in the status of a lien creditor or bona fide purchaser.

Section 546(b) further states that:

> If that law requires that the property be seized or that an action be commenced to perfect the security interest and that action was not taken before the bankruptcy

petition was filed, *the interest is perfected by post-petition notice.* (Emphasis added.)[2]

The cases relied upon by the FLB find that post-petition notice in the form of a request for sequestration, a receiver or adequate protection is sufficient to establish a mortgagee's rights to rents and profits. *See Matter of Village properties, Ltd.,* 723 F.2d 441, 446 (5th Cir.1984); *Comment,* 60 Iowa L.Rev. 1388 (1975) ("The Mortgagee's Right to Rents and Profits Following a Petition in Bankruptcy".) Once postpetition notice is made the bankruptcy court must look at the substantive rights that give rise to the enforceable lien under state law and provide a procedure within the bankruptcy context to protect those rights. *In re Anderson,* 50 B.R. 728, 732 (D.Neb. 1985).

As previously discussed, under Iowa law perfection of a security interest in rents and profits is retroactive to the date of the request for the appointment of a receiver. Accordingly, an act to perfect such an interest is permissible notwithstanding the automatic stay pursuant to 11 U.S.C. section 362(b)(3) where state law allows perfection to relate back to a pre-filing date. In this case if the FLB had received an order from the state court appointing a receiver its interest in rents and profits would have been perfected and that interest would relate back to the pre-filing date of the request for appointment. The FLB has provided the postpetition notice contemplated by 11 U.S.C. section 546(b) by the filing of an application to sequester rents and profits. The language of section 546(b), however, states that postpetition notice of perfection is required where state law requires an action to be commenced to perfect a security interest and that action was *not* taken before the petition was filed. In this case, the FLB requested the ap-

---

**2.** The distinction noted in footnote 1 between traditional pledge language that does not convey a security interest in rents and profits at the time the mortgage is executed and a granting clause which does may be critical in a case wherein no foreclosure action was taken and no request for appointment of a receiver was made prior to the filing of the bankruptcy petition.

11 U.S.C. section 546(b) appears to focus on perfection of an existing interest in property. If the pledge per se creates no interest, then filing a "notice" by requesting the bankruptcy court for a sequestration of rents, a receiver or adequate protection seemingly accomplishes nothing.

pointment of a receiver and a hearing was held before the state court prior to the debtors' filing for relief. To require this court to review the evidence already presented to the state court and taken under advisement by that court would be an inefficient expenditure of judicial energy. Accordingly, this court will construe the FLB's application as a motion for relief from stay.[3] Viewed in this light, the stay may be modified pursuant to 11 U.S.C. section 362(b)(3) to permit the state court to enter an order on the FLB's request for a receiver. If the state court grants the FLB's request, the FLB's interest in rents and profits shall be perfected and the rents and profits shall constitute cash collateral. In that event and if still necessary, this court shall schedule a hearing on the issue of adequate protection.

WHEREFORE, based on the foregoing discussion, the court shall construe the FLB's application to sequester rents and profits as a motion for relief from stay.

THEREFORE, pursuant to 11 U.S.C. section 362(b)(3) the stay is hereby modified for the sole purpose of allowing the Iowa District Court for Pottawattamie County to enter an order on the FLB's request for the appointment of a receiver.

IT IS FURTHER ORDERED that, the FLB shall report to this court upon the entry of that order and a hearing on the issue of adequate protection shall be scheduled if necessary.

---

3. In *Saline State Bank v. Mahloch,* 834 F.2d 690 (8th Cir.1987), the Eighth Circuit Court of Appeals found Nebraska law provided that an assignment of rents did not create an interest in rents and profits until the mortgagee commenced a foreclosure action and requested the appointment of a receiver. The Court then held that the bankruptcy court could award rents and profits to the mortgagee based on an application to sequester rents and profits. 11 U.S.C. section 546(b) was not discussed. Unlike the present case, there had been no default by the mortgagee and accordingly no commencement of foreclosure proceedings prior to the petition in bankruptcy. Moreover, an unsecured creditor, rather than the debtor in possession, challenged the secured creditor's application.