Maish v. Bird.

1. **Mortgage of Chattles:** FORECLOSURE: RECEIVER. The mortgagee of a stock of dry goods and notions, whose debt was not due, had taken possession of the mortgaged property under his mortgage, which provided that he "might take possession whenever he should chose to do so, and sell the goods at public auction, or so much thereof as should be sufficient to pay the amount due, or *to become due,* as the case might be, with all reasonable costs pertaining to the keeping, advertising and selling the said property,"·and had been garnished by creditors of the mortgagor, and had brought his action in equity to foreclose the mortgage: *held,* that under Code, § 2903, he was entitled to have a receiver appointed to take possession of the goods and to sell them in the ordinary course of business.

2. **Receiver:** APPOINTMENT OF: NOTICE. Under section 2903 of the Code, where the adverse party is not within the jurisdiction of the court, and cannot be served or cannot readily be served with notice, the court may, under some circumstances, appoint a receiver without notice, and an appointment so made in this case was approved.

*Appeal from Polk Circuit Court.*

WEDNESDAY, SEPTEMBER 20.

ACTION to foreclose a chattel mortgage upon a stock of dry goods and notions. In the petition for foreclosure the plaintiff prayed for the appointment of a receiver to take possession of the goods and to sell the same in the ordinary course of business. In an amended petition he brought· in and made defendants a large number of attaching creditors who had garnished the plaintiff. The court appointed a receiver as prayed. The defendant, Bird, filed a motion to set aside the appointment of the receiver. The court overruled the motion. From the order overruling the motion the defendant, Bird, appeals.

*Wm. Phillips,* for appellant.

*Wright, Cummings & Wright,* for appellee.

ADAMS, J.—The statute provides that "on the petition of either party to a civil action or proceeding, wherein he shows that he has a probable right to, or interest in, any property which is the subject of the controversy and that such property or its rents or profits are in danger of being lost or materially injured or impaired, and on such notice to the adverse party as the court or judge shall prescribe, the court   *   *   if satisfied that the interest of one or both parties will be thereby promoted, and the substantial rights of neither unduly infringed, may appoint a receiver to take charge of and control such property." Code, § 2903.

*1. MORTGAGE of chattles: foreclosure: receiver.*

The defendant, Bird, insists that the plaintiff is not within the provision of this statute for various reasons. In the first place he insists that to justify the appointment of a receiver of property there must be an action in which the right to such property is drawn in controversy, and he insists that it is not sufficient that there should be an action in form where the applicant for a receiver is plaintiff, but it should appear from the petition that the plaintiff has a right of action.

This action was brought to foreclose a chattle mortgage, and the defendant Bird contends that the petition does not show a right to foreclosure, and hence does not show a right of action, and that such being the case the right to the property is in no proper sense drawn in controversy. His position in this respect is based upon the fact that it appears affirmatively not only that the secured debt was not due, but that the plaintiff was in possession of the goods, and no one was disputing his right of possession, at least, so far as the petition shows. And while it is true that the plaintiff had been garnished, yet the defendant, Bird, insists that that fact did not give the plaintiff a right of action against the garnishing creditors. And while it is also true that some of the creditors had levied upon the goods, and the plaintiff had replevied them, and the right of property was drawn in controversy as between the plaintiff and those creditors, yet it is

only in the action in replevin, and the application for a receiver is not made in that action.

It is not to be denied, we think, that there is much force in these positions, and possibly we might conclude that the appellant ought to be sustained, but for a fact which remains to be stated. The appellee's mortgage contains a provision that he might take possession whenever he should choose to do so, and sell the goods at public auction, or so much thereof as should be sufficient to pay the amount due, or *to become due*, as the case might be, with all reasonable costs pertaining to the taking, keeping, advertising, and selling the said property. The design evidently was not only to give the appellee a right to take possession whenever he should deem it desirable to do so for his better protection, but to give him a right also to an immediate foreclosure in case he should elect to take possession. The property was of a kind that could not properly be locked up and kept out of market.

Now, while the plaintiff might have foreclosed without action, it was his right to foreclose by action, and we think that he was entitled to have a receiver who should proceed without delay to sell the goods in the ordinary course of trade. The petition shows, and it would perhaps be apparent without such showing, that a stock consisting of dry goods and notions must be sold in its season, and that to take the same out of market even for a short time, and interrupt the customary patronage of the store, would probably involve loss.

The appellant does not contend that it would be for the interest of any one that the store should be closed, the goods restored to the plaintiff, and held by him until the maturity of the debt, nor does he contend that it would be for the interest of any one that they should be advertised and sold at a forced sale. The stock, it appears, was a very large one, and we can easily conceive that the market might be such that if the stock was to be forced upon it, it was better to first re-

duce it somewhat in the ordinary course of trade. We do not understand the appellant as contending that it would not. His idea seems to be that the stock should be restored *to him*, to be disposed of in the ordinary course of trade. But under the terms of the mortgage it was the appellee's right to hold the stock unless taken and disposed of by a receiver, and as he had been garnished by a large number of creditors, and, as it appears, for very large amounts, it was not to be expected that he would consent that the stock should be restored to the appellant to be disposed of by him.

It appears to us that there was sufficient ground for the appointment of a receiver. We come next to consider an objection pertaining to the mode of appointment.

2. RECEIVER: appointment of: notice. It is insisted that whatever grounds there may be for the appointment of a receiver, the appointment cannot properly be made without notice to the adverse party, and in this case it appears that the appointment was made without notice to the appellant. The statutory provision in regard to notice of the appointment of a receiver is to be found in the section of the Code above cited. The provision is that a receiver may be appointed "on such notice to the adverse party as the court or judge shall prescribe." Where then the adverse party is within the jurisdiction of the court, and it is practicable to serve a notice upon him, it may be conceded that a notice of some kind ought to be given. But it is shown that the appellant was not within the jurisdiction of the court, but was in the State of New York. Now, it appears to us, that where the adverse party is not within the jurisdiction of the court, and cannot be served, or cannot readily be served with notice, the court may, under some circumstances, appoint a receiver without notice. If such appointment cannot be made, it can readily be seen that a great loss may sometimes occur. On the other hand no great danger is to be apprehended by appointing a receiver without notice to the adverse party. The notice in question is not the original notice of the action. No judg-

ment or decree can be rendered until the adverse party is in court. He will in all cases have an opportunity to move to set aside the order of appointment, and will be entitled to have it set aside if the order was not judicious. Besides it is to be observed that it cannot be made in the first place unless the court is satisfied that the rights of the adverse party will not be unduly infringed. See section of Code above cited. That a receiver may be appointed without notice has never been expressly held by this court, but as having some bearing upon this question see *French v. Gifford*, 30 Iowa, 160, and authorities therein cited. The doctrine seems to be recognized that the court may appoint a receiver without notice, where it is shown in the petition that it is necessary for the court to do so to prevent a loss of property. In this case the petition shows very clearly that it was the appellee's right to either hold the stock or have a receiver. But for the appellee to hold the stock would necessarily result in closing the store, and that, we think, could not be done without loss.

In our opinion the court did not err in overruling the appellant's motion to set aside the order of appointment.

AFFIRMED.