VALLEY NATIONAL BANK OF DES MOINES v. H. B. CLAFLIN, COMPANY, Appellant.

**Receivers:** RIGHTS OF CHATTEL MORTGAGEE. A chattel mortgagee of property has an interest therein, within Code, section 3822, authorizing persons having an interest in property in danger of being lost to procure the appointment of a receiver therefor.

EVIDENCE. Under Code, section 3822, authorizing the appointment of a receiver of property whenever it, or its rents and profits, is in danger of being lost, and when the interest of all the parties will be thereby promoted, a receiver of personal property in process of manufacture for the market may be appointed in an action to foreclose a chattel mortgage thereon, where by reason of prior liens, the mortgagee is not entitled to possession, and where it will depreciate unless the manufacture and sale be continued.

*Appeal from Polk District Court.*—HON. THOMAS F. STEVENSON, Judge.

SATURDAY, MAY 20, 1899.

ACTION in equity to recover the amount alleged to be due on certain promissory notes made by the defendants Israel Bros. and W. C. Israel, and to foreclose a chattel mortgage on two stocks of merchandise, with furniture, fixtures, and utensils usel in connection therewith, given to secure the payment of the notes. The petition also asked the appointment of a receiver. The H. B. Claflin Company and other creditors of the makers of the notes, were made parties defendant, and a receiver was appointed. From the order appointing a receiver, the H. B. Claflin Company appeals.— *Affirmed.*

*C. C. & C. L. Nourse* for appellant.

*Ayres, Woodin & Ayres* for appellee.

ROBINSON, C. J.—We are required to determine whether the plaintiff was entitled to the appointment of a receiver. The facts material to an understanding of that question are as follows: During a part of the year 1897, Israel Bros. carried on business at two places in the city of Des Moines. At one, on Locust street, articles of clothing were manufactured; and at the other, on Walnut street, dry goods, wearing apparel, and other articles were retailed. On the twenty-ninth day of October, 1897, the defendant the Clinton Woolen Manufacturing Company recovered against Israel Bros. a judgment for the sum of two thousand one hundred and thirty-nine dollars and sixty-three cents, and on the same day caused an execution to be issued and levied upon the property of Israel Bros. at the two places of business mentioned; and possession of the property thus levied upon was taken by the sheriff. After that was done, but on the same day, Israel Bros. executed to the plaintiff a mortgage upon the property held by the sheriff. A mortgage on the same property was subsequently executed to the H. B. Claflin Company, and an attachment thereon was levied

in favor of the defendant the Iowa National Bank.    There was also a landlord's lien on each stock for rent, a part of which was due.    On the first day of November, 1897, the plaintiff commenced its action.    The petition alleged, in effect, that the Locust street stock consisted of clothing, and a large quantity of material designed to be manufactured into clothing; that it was then the proper season for selling the goods of both stocks, and that if manufacturing was stopped, and the places of business were closed for the purpose of foreclosure, great damage would result; that the plaintiff's lien on the property was larger than that of any other creditor; and that it was doubtful if the goods in both stocks would satisfy the claim of the plaintiff, which amounts to about twenty thousand dollars.    It asked judgment for the amount due, for the foreclosure of its mortgage, and that a receiver of the property be appointed, with the power to continue the manufacture of clothing, and the selling at retail of goods of both stocks.    The H. B. Claflin Company resisted the application for a receiver, and there was a hearing on the application, which resulted as stated.

The appellant contends that neither necessity nor ground for the appointment was shown.    Section 3822 of the Code authorizes the appointment of a receiver "on the petition of either party to a civil action or proceeding, wherein he shows that he has a probable right to, or interest in any property which is the subject of the controversy, and that such property or its rents or profits, are in danger of being lost or materially injured or impaired, and the court, if satisfied that the interests of one or both parties will be thereby promoted, and the substantial rights of neither unduly infringed, may appoint a receiver to take charge of and control such property under its direction during the pendency of the action."    The plaintiff acquired a valid interest in the property in controversy by virtue of its mortgage.    Cobbey Chattel Mortgages, section 419, note 29.    And

it has shown a right to and an interest in the property in controversy, within the meaning of the statute. Did the plaintiff show that the property or its profits were in danger of being lost or materially injured or impaired? The mortgage to the plaintiff in terms gave to it power to take possession of the mortaged property, and sell it or so much thereof as should be necessary to pay the mortgage debt, in case of default in payment, or in case the mortgagor attempted to dispose of or remove the property from Polk county, or whenever the mortgagee should choose so to do. But the mortgage was subject to the levy made by the sheriff, and conferred no right to take the property from the sheriff until the levy should be discharged. There were liens for rent, and other liens upon the property; and the evidence shows that depreciation in the value of the property would have resulted, had the manufacturing been discontinued and the goods withdrawn from the market. It was the proper season for selling many of the goods when this action was commenced, and it was probable that, if their manufacture and sale were stopped, even for the time necessary to satisfy the execution and foreclose the mortgage to the plaintiff, goods which would otherwise have been sold would remain unsold during the season, and depreciate in value. The evidence also tended to show that much better prices would have been realized from retail sales by a receiver than could be obtained by sales in bulk under the execution or mortgage. Therefore, it appears that the plaintiff did not have an adequate remedy in the ordinary course of the law. This case is in many respects much like that of *Maish v. Bird,* 59 Iowa, 307, in which the appointment of a receiver was sustained. Whether a receiver should be appointed is usually a matter largely within the sound judicial discretion of the court or the judge asked to make the appointment. High Receivers, section 25; 3 Pomeroy Equity Jurisprudence, section 1331; 2 Story Equity Jurisprudence, sections 831, 832; *Hardware Co. v. Waibel,* 1 S. D. 448 (47 N. W. Rep. 814).

We are of the opinion that the interest of the plaintiff in the property in controversy was sufficient to authorize the appointment of a receiver, and that the evidence justified the district court in concluding that the plaintiff's interest was in danger of being impaired if the appointment were not made. An abuse of the discretion vested in the court is not shown, and its action is AFFIRMED.