ROBERT L. LEACH, State Superintendent of Banking, Appellant, v. SANBORN STATE BANK et al., Appellees.

**APPEAL AND ERROR:** Presentation and Reservation of Grounds—Showing Essential. A party who raises no question at the trial, interposes no objection at the trial, and saves no exception at the trial, has no standing on appeal. (See Book of Anno., Vol. 1, Sec. 11536, Anno. 2 *et seq.*)

Headnote 1:   3 C. J. p. 689.

*Appeal from O'Brien District Court.*—WILLIAM HUTCHINSON, Judge.

FEBRUARY 16, 1926.

REHEARING DENIED JUNE 21, 1926.

PROCEEDING in equity by O'Brien County and its treasurer, to establish a preferred claim against the receiver of the Sanborn State Bank, an insolvent. The claim was established by the district court as a preferred claim, and the receiver appeals. —*Appeal dismissed.*

*Ben J. Gibson,* Attorney-general, and *O. H. Montzheimer,* for appellant.

*L. O. Lampman,* for appellees.

EVANS, J.—The title applied to this case is somewhat misleading. The proceeding is had in the matter of the receivership of the Sanborn State Bank. O'Brien County filed its claim, and filed a petition, denominating it a petition in intervention, pleading facts, and praying that the claim be allowed as a preferred one. Notice of the petition was served upon the receiver, through his examiner, who was in direct charge of the bank. No attack was ever made upon the pleading, and no resistance was ever offered thereto, either by pleading or otherwise. This application came on for hearing in due course of the court assignment, and a hearing thereon was had, and an

order made, pursuant thereto, establishing the claim as a preferred claim. This is the order or decree from which the receiver purports to appeal. At the hearing, neither party asked that the proceedings or the evidence be taken down in writing, or otherwise preserved. No record was in fact made of such proceeding or evidence. There has been no certification or purported certification of the record of such proceedings, or of such evidence. The order appealed from was entered in term time, on November 19, 1924. On January 10, 1925, the receiver presented to the trial judge, in vacation and in a county other than that in which the case was tried, a petition the prayer of which was as follows:

"Wherefore the receiver asks the court to permit him to appeal said decision of November 19th to the Supreme Court, and further prays the court to grant him a right to an exception to said decision and order of November 19, 1924."

The trial judge purported to grant such prayer, and ordered that the receiver "is hereby allowed an exception to the said ruling of the court and judgment entry, and he is hereby author·ized to appeal from said judgment entry to the Supreme Court of Iowa."

The statement of fact in such petition, upon which its prayer was predicated, was:

"That since entry of said order a question has been raised as to the legality of said decision and order, which question is involved in an appeal to the Supreme Court of Iowa in a similar case from Guthrie County, * * * That in said case new grounds for denying a preference have been raised."

The petition was predicated wholly upon after events, and presented no challenge to any procedure or ruling had or made at the trial. New trial was not prayed. The petition was not one for a correction of the record. It was not claimed therein that the receiver had in fact saved any exception at the trial which by mistake had not been noted by the court upon the record. The purported exception noted by the trial judge on January 10, 1925, was one made by the receiver on the same date. It is not claimed that the exception had been made at the trial or within the statutory time for presenting the same.

The appellee challenges the appeal as having no standing ground in the record.

Responding to such challenge, the appellant contends, first, that an equity proceeding is triable *de novo* on appeal, and that an exception to the judgment is not essential to the right of a de-novo review. Let this contention be conceded. Yet it is essential to a de-novo hearing here that the evidence received in the lower court shall have been preserved in writing and properly certified. Without the preservation of such record, a hearing *de novo* on appeal cannot be had. True, this is not necessarily determinative of the appeal. Even in an equity case, a review may be had of specific errors duly assigned, to the same effect as in a law case. *Powers v. County of O'Brien,* 54 Iowa 501. But such assigned errors must be predicated upon the record, showing proper objection and exception thereto. The receiver raised no question at the trial, and interposed no objection, and saved no exception at any point.

Upon the record before us, we are disposed to dismiss the appeal, rather than to affirm the order. It is so ordered.— *Appeal dismissed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.