THOMAS H. McBRIDE, Plaintiff, v. ROBERT COMLEY et al., Defendants.

ISAAC B. BRANDS, Administrator, Appellant, v. PARNELL SAVINGS BANK, Appellee.

MORTGAGES: Foreclosure—Priority as to Rents. A senior mortgagee whose mortgage contains no pledge of the rents and no receivership clause is subordinate in right, as to the rents, to a junior mortgagee whose mortgage does contain such pledge and receivership clause; and this is true though the senior mortgagee shows that the mortgagor is at the time insolvent.

Headnote 1: 42 C. J. p. 132 (Anno.)

*Appeal from Iowa District Court.*—RALPH OTTO, Judge.

OCTOBER 25, 1927.

Action to determine priority of rights of mortgagees through receivership proceedings in foreclosure to control the rents and profits of real estate. From a judgment and decree declaring his interests junior, cross-petitioner, Brands, appeals. —*Affirmed.*

*B. L. Wick* and *J. M. Dower,* for appellant.

*P. P. White,* for appellee.

KINDIG, J.—The principal action involved the foreclosure of three mortgage liens upon the same 160 acres of land. No receiver was asked by the possessor of the first mortgage, and his interests are not now concerned. Controversy centers on a dispute between the holders of the second and third mortgages, as to who is entitled to collect the rents and profits of said real estate through such agency. Appellant's mortgage was filed for record on the second day of March, 1918, while that of appellee was obtained on September 10, 1922. A receivership clause was incorporated in the junior mortgage last named, but no such provision was embodied in the senior mortgage of appellant. Both of said interested parties applied for a receiver, to collect and possess for distribution the rents and income from said real estate. Each asserted his right in the premises as superior to that of the other. Final action of the district court in this phase of the litigation was to determine priority of claim to said proceeds in appellee, and the said trust officer was accordingly appointed, and directed to dispose of all the crops coming into his hands and devote the money obtained therefrom to the satisfaction of appellee's mortgage, after first paying the costs of said receivership. To correct alleged error in this ruling of the court, the appeal is prosecuted.

Argument by appellant is based upon the theory that, he having shown insolvency of the debtor and insufficient security, the district court had jurisdiction, and, in fact, was required to appoint, in this event, a receiver, even though no language expressly granting such right is contained in his mortgage. In support of said proposition, the following authority is cited: *Durband v. Ney,* 196 Iowa 574. It is true that, to preserve the security and prevent waste and deterioration, an appointment

may be made, under and by virtue of Section 12713 of the Code of 1924. *Young v. Stewart,* 201 Iowa 301. But the designated official agent, in said instance, cannot use the proceeds of his office for anything but to preserve the security. Under no circumstances can those assets be applied on the indebtedness, except by the express authority of the mortgage. *Young v. Stewart,* supra; *Iowa St. Bank v. Rons,* 203 Iowa 51. We said, in *Young v. Stewart,* above:

"The power to appoint the receiver in such a case, where nothing but the real estate itself is pledged, is not a power to add to the security of the mortgagee by giving him, through the instrumentality of a receiver, rents and profits, or possession of the real estate, or anything more than the security granted him by his mortgage."

Failure to prove waste, impairment, or destruction of the actual security pledged, prevents the relief sought by appellant, and the theory of the *Durband v. Ney* case, supra, is thereby distinguished. Forsooth, the pretext of this prevention cannot be used as a camouflage for the real, in order to appropriate property not covered by the original lien, and through this unauthorized method acquire unpledged resources with which the mortgage burden may be partly or wholly paid. *Iowa St. Bank v. Rons,* supra. And lack of the necessary enabling clause in the incumbrance contract forecloses appellant's demand for the utilization of the rents and profits to reduce the obligation. *Young v. Stewart* and *Iowa St. Bank v. Rons,* supra. On the other hand, appellee, armed with a provision for receivership, in the case at bar, under the issues was entitled to the redress prayed. *Young v. Stewart,* supra, and kindred cases.

The judgment and decree of the district court, therefore, must be, and hereby is, affirmed.—*Affirmed.*

Evans, C. J., and Stevens, Faville, and Wagner, JJ., concur.