CAROLINE BOGENRIEF et al., Appellees, v. F. J. LEAMING et al., Appellees; GRACE McCOY, Appellant.

JANUARY 17, 1928.

*Frank J. Lund* and *L. R. Sandahl,* for appellant.

*Charles L. Snyder* and *F. L. Groesbeck,* for appellees.

ALBERT, J.—On March 1, 1921, F. J. Leaming was the owner of the 200 acres of land covered by the mortgage in controversy. On that date, he and his wife executed a promissory note for $23,600, due in five years, and secured the same by a mortgage to Daniel Alleman and Pearl Conkel. On February 25, 1925, Pearl Conkel assigned all her right, title, and interest in and to said mortgage and note to Daniel Alleman, and on the next day, Alleman assigned the same to Pearl Conkel, Caroline Bogenrief, and Dora Hirsch, who are plaintiffs in this action to foreclose said mortgage. On November 12, 1921, F. J. Leaming and wife conveyed this land by warranty deed to Taylor Grimes. On September 4, 1922, Grimes and wife conveyed this land by warranty deed to Arthur George. On October 27, 1922, George and wife conveyed the same by warranty deed to F. C. Tingley. On August 9, 1926, Tingley and wife by warranty deed conveyed the same to Grace McCoy. Each of these successive grantees, including Grace McCoy, assumed and agreed to pay the mortgage involved herein. The mortgage, among other things, provided:

"A failure to comply with any one of the agreements hereof (including warranty of title) causes the whole debt to become at once due and collectible, if said second party or assigns so elect, and no demand for fulfilment of broken conditions, nor notice of election to consider the debt due, shall be necessary previous to commencement of suit to collect the debt hereby secured, or any part thereof, or to foreclose this mortgage. A receiver may be appointed by the court to take immediate possession of said land and account only for the net profits, upon the default of any of the conditions herein."

After the mortgage became due, foreclosure proceedings were started, accompanied by an application for the appointment of a receiver. Hearing was had on the receivership question on April 9, 1927, which resulted in the appointment of a receiver, over objections of Grace McCoy; and from this action by the court Grace McCoy appeals. Evidence was taken in the case, and it is insisted by appellant, Grace McCoy, that, under the evidence, the court was not warranted in appointing the receiver.

The sum total of our holdings as to the legality of the appointment of a receiver amounts to about this:

Where the evidence fairly shows that, when the foreclosure was instituted, the debtor was insolvent, and taxes or interest were long overdue, and the security was inadequate, then it will not be held that the lower court abused its discretion in so appointing a receiver. *Maish v. Bird,* 59 Iowa 307; *Bussard v. Parker,* 197 Iowa 1074; *Walters v. Graham,* 190 Iowa 481; *Sheakley v. Mechler,* 199 Iowa 1390. We have also held that the appointment of a receiver is within the discretion of the court, and that such discretion is not abused where the property, rents, or profits are in danger of being lost or materially injured. *Hirsch, Elson & Co. v. Israel,* 106 Iowa 498; *Parry v. West* (Iowa), 197 N. W. 297 (not officially reported). The evidence in this case fairly shows that the taxes were long past due. It also shows that the debtor was insolvent.

On the question of the inadequacy of the security, as is usual in cases of this character, there is a strong conflict in the evidence, the testimony of plaintiff showing that this land is worth from $90 to $100 an acre, and that of the objector showing that it is worth from $140 to $160 an acre. The evidence also further shows that there was a marked depreciation in the value of the land, similar to the depreciation of all Iowa land during the period of deflation. One witness fairly states the situation by saying, in substance, that it is difficult to fix the market value of land under the conditions that existed at the time this hearing was had. As we weigh the testimony, we are disposed to hold that the security, to wit, the value of the land, is inadequate to pay the debt. It is therefore our conclusion that, under this record, the district court did not abuse its discretion in granting this receivership.

In further support of the granting of the receivership it is claimed that the property has also depreciated in value for lack of proper care and attention in keeping the buildings, fences, etc., in reasonably good repair. This involves the question of permissive waste, into a discussion of which we do not care to enter in the present case, because of our conclusion that the showing on the other branch of the case is sufficient.

It is further urged by Grace McCoy that it is not shown in the record that her prior successive grantees were insolvent.

While they were all made parties defendant to the action, none  of them are resisting the receivership except Grace McCoy. This being true, her indebtedness to the plaintiffs herein was direct, by reason of her assumption and agreement to pay the mortgage and note. Her indebtedness being thus directly to the plaintiffs, she is not in a position to defeat a receivership by reason of the solvency of some of the prior grantees in her chain of title, who also assumed and agreed to paid said mortgage.— *Affirmed.*

STEVENS, C. J., and EVANS, DE GRAFF, and MORLING, JJ., concur.