FIRST NATIONAL BANK of Gladbrook, Appellee, v. J. EDWARD WITTE , et al., Defendants; HENRY HEIN, Trustee, Defendant-appellant.

No. 40937.

18

DECEMBER 13, 1932.

REHEARING DENIED MAY 2, 1933.

Ruyman & Ruyman, for appellant.

D. B. Kliebenstein, and J. C. France and F. J. Casterline & Son, and Donnelly, Lynch, Anderson & Lynch, for appellees, First National Bank of Gladbrook and Sunbury Sav. Bank of Sunbury.

KINDIG, J.—This controversy involves the rents on certain Cedar county real estate for the years 1930 and 1931. The plaintiff-appellee, the First National Bank, of Gladbrook, Iowa, claims the rent under its mortgage on the land; while the defendant-appellant Henry Hein, trustee, demands the rent because of a certain trust deed wherein he was appointed trustee.

On May 8, 1930, the appellee commenced an action in the Cedar county district court to foreclose its aforesaid mortgage for the principal sum of $13,300, plus interest. When so doing, the appellee made the following persons and institutions defendants: J. Edward Witte, Amanda M. Witte, his wife, George Hein, Zora Hein, his wife, Henry Hein, Gus Hein, Julius Hein, Sunbury Savings Bank, L. D. Reinbrecht, and Henry Hein, trustee, appellant.

As part of this foreclosure proceeding, the appellee asked judgment against the defendant J. Edward Witte and the defendant Amanda M. Witte, as makers of the note which evidences the foregoing indebtedness. Also the appellee asked judgment against the defendant George Hein because he assumed to pay the aforesaid mortgage indebtedness by accepting a deed, wherein the defendants J. Edward Witte and Amanda M. Witte, transferred the land to him. In its prayer, the appellee asked for the appointment of a receiver because its real estate mortgage contained the following provision:

"* * * And it is further expressly agreed (by and between the appellee and J. Edward and Amanda M. Witte, mortgagors) that in the event of any failure to pay said sums of money (those named in the mortgage), or any part thereof, or the interest thereon, when due and payable, said second party (the appellee) shall be, and hereby is, authorized to take immediate possession of said property, and to rent the same, and shall be held liable to account to said first party (the mortgagors) only for the net profits thereof. It is also agreed that the taking possession thereof as above provided shall in no manner prevent or retard said second party in the collection of said sums by foreclosure or otherwise."

Responding to the petition, the appellant, as trustee, filed an answer and cross-petition. Such answer contains a general denial as modified by certain admissions. Furthermore, the answer states the execution of the aforesaid trust deed through which the appellant became trustee. The cross-petition filed by the appellant asked for personal judgment against the defendant the Sunbury Savings Bank for the sum of $520 and interest. This demand for relief is based upon the allegation that the Sunbury Savings Bank previously collected rent money in that sum from the aforesaid land. It is the further contention of the appellant that the rent money thus collected belonged to him. Thereupon the defendant Sunbury Savings Bank filed a motion to strike the appellant's cross-petition. Thereafter the appellee joined with the Sunbury Savings Bank in the motion to strike.

Subsequent to the filing of that motion, to wit, on September 22, 1930, the district court sustained the same, and thereby struck the appellant's cross-petition. Although the appellant's cross-petition was thus stricken, his answer remained on file. Then later in the day on September 22, 1930, the district court gave the appellee judgment for the amount prayed and foreclosed the mortgage. In that decree of foreclosure the district court also appointed a receiver to collect the rents and profits during the period of redemption. An exception was taken by the appellant to this order appointing the receiver. A special execution was issued on the judgment aforesaid, and thereunder the land sold for $12,000 on October 27, 1930. This fact, arising after the appointment of the receiver, therefore was not before the court when it appointed that trust officer.

Nevertheless, it now appears that a deficiency judgment re-

mained unsatisfied. Later, by a supplemental decree, the district court ordered the receiver, before appointed, to make application of the rents and profits collected by him from the land on certain indebtedness under the mortgage. The appellant appeals from the aforesaid orders appointing the receiver and distributing the rents and profits for the benefit of the appellee. No appeal was taken by the appellant from the ruling of the district court in striking the aforesaid cross-petition. Consequently, the only proposition before us for consideration relates to the appointment of the receiver.

I. It is first claimed by the appellee that the appellant is in no position to ask a review of the receivership proceedings, for the reason that his answer and cross-petition were stricken from the record, and he did not appear in the district court, introduce evidence, or take part in the trial.

Manifestly the appellee is at least partially in error in respect to the record. Although the appellant's cross-petition was stricken from the record, yet the answer remained. This answer was sufficient to require the appellee to prove the necessary facts to obtain the appointment of a receiver. While it appears that the appellant did not attend the trial or introduce evidence, yet he did not withdraw the aforesaid answer. When the judgment was entered, the appellant duly excepted to the portion thereof appointing the receiver, and the appeal is perfected accordingly. Under these circumstances, it cannot be said that the appellant abandoned the case in the district court, failed to raise issues, or neglected to take an exception to the judgment.

In Leach v. Sanborn State Bank, 201 Iowa 1323, 207 N. W. 326, relied upon by the appellee, the party appealing apparently had abandoned the case in the district court, no certification of the record was made, and no exception taken to the judgment. By reciting the failure to except, it is not determined whether an exception to a judgment is necessary. See section 10949, Code 1931. On the other hand, in the case at bar the appellant did not abandon the case, as before stated, a record was made of the proceedings in the district court, evidence was introduced by the appellee, and an exception taken to the judgment by the appellant. These matters are all abstracted and properly certified to this court. The appellant appears not to have introduced evidence at the trial; yet, under the circumstances, he has a right to contest the sufficiency of the evidence introduced by the appellee to sustain the relief granted.

It cannot be said, therefore, under the record, that the appellant is not in a position to ask a review of the order appointing the receiver.

II. There is no basis in the record, the appellant asserts, to sustain the appointment of a receiver to collect the rents and profits. During the discussion of this question, it is assumed, without deciding, that the mere stipulation in the mortgage authorizing the mortgagee to take possession of the premises is equivalent to a pledge of the rents and profits. See Keokuk Trust Company v. Campbell, 205 Iowa 414, 215 N. W. 960; King v. Good, 205 Iowa 1203, 219 N. W. 517.

No stipulation is found in the mortgage authorizing the appointment of a receiver. Many cases are cited by the appellee to sustain the action of the district court in appointing the receiver, but all these cases discuss mortgages wherein the appointment of a receiver was authorized.

But again, for the purposes of the discussion, it is conceded, without determining, that a mortgage pledging the rents and profits without authorizing a receiver may nevertheless, under proper circumstances, afford the basis for the appointment of a receiver. See Cooley v. Will, 212 Iowa 701, 237 N. W. 315. Even under the assumptions aforesaid, it is apparent that the appellee has not shown itself entitled to a receiver because there is no proof that the debtors of the secured obligation are insolvent. According to the appellee's argument, the mortgage security is not sufficient to satisfy the mortgage debt. It is doubtful whether this contention is sustained by the record. As before said, the execution sale revealing the deficiency did not take place until after the receiver was appointed. But, if there were evidence before the court when the receiver was appointed indicating the insufficiency of the security, the record is inadequate in another respect. Such inadequacy exists because there is no evidence in the record indicating that the debtors are now, or were, insolvent at the time the receiver was appointed. Although, as claimed by the appellee, the decree of the court recites that evidence was introduced justifying the appointment of the receiver, yet, regardless of that contention, the abstract and the amendment thereto contradict the recitals in the decree by showing the absence of such evidence, and the amendment to the abstract certifies that the abstract and the amendment contain all the evidence introduced at the trial. Consequently the recitals in the decree are shown to have been

made without evidence to sustain them. This is an action in equity, and therefore triable de novo here. There is no evidence set forth in the abstract, as before said, indicating that the debtors were insolvent when the receiver was appointed.

At least, without a stipulation in the mortgage authorizing a receiver, one will not be appointed, even though the mortgage pledges the rents and profits, unless it appears that the debtors are insolvent. Cooley v. Will (212 Iowa 701, 237 N. W. 315), supra; Des Moines Joint Stock Land Bank v. Danson, 206 Iowa 897, 220 N. W. 102, 221 N. W. 542; Bogenrief v. Leaming, 205 Iowa 48, 217 N. W. 428; Security Investment Co. v. Ose, 205 Iowa 1013, 219 N. W. 36; Equitable Life Insurance Co. v. Rood et al., 205 Iowa 1273, 218 N. W. 42; First Trust Joint Stock Land Bank v. Beall, 208 Iowa 1107, 225 N. W. 943. Whether a proper rule does not require evidence of the debtor's insolvency when a receiver is authorized by the mortgage, we do not now decide or suggest. But see Des Moines etc. Bank v. Danson, 206 Iowa 897. Having failed to prove the insolvency of the debtors, the appellee is not entitled to a receiver.

No claim is made by the appellee that the receiver in question was appointed to prevent waste, impairment, or destruction of the security pledged. Nor is there evidence in the record to indicate that the receiver was, or should be, appointed for that purpose. See McBride v. Comley, 204 Iowa 622, 215 N. W. 613; Des Moines Joint Stock Land Bank v. Danson (206 Iowa 897, 220 N. W. 102, 221 N. W. 542), supra. In view of the fact that the appellant had on file nothing but an answer, in effect denying the allegations of the appellee's petition, he is not entitled here to affirmative relief. His position in the district court was defensive only. The appellant was made a party defendant in the district court on the theory that he had, or claimed to have, an interest in the real estate incumbered by the mortgage and the rents and profits named therein. That interest or claim, according to the petition and answer, grew out of the above mentioned trust deed wherein the appellant was made trustee.

Under the issues thus raised by the appellant's answer, the appellee has not proven that it is entitled to the appointment of a receiver for the purpose of collecting the rents and profits.

Wherefore the judgment of the district court appointing a re-

ceiver and ordering him to make distribution of the rents and profits must be, and hereby is, reversed.—Reversed.

STEVENS, C. J., and EVANS, FAVILLE, DE GRAFF, ALBERT, MITCHELL, and WAGNER, JJ., concur.