CITIZENS STATE BANK OF POSTVILLE, Appellee, v. L. O. BEUCHER, Administrator, Appellee; CLARA ANDERSON et al., Appellants.

No. 45368.

NOVEMBER 19, 1940.

OPINION MODIFIED AND REHEARING DENIED FEBRUARY 14, 1941.

Lyle C. Pleshek and M. M. Cooney, for appellants.

Hart & Hart, for appellee.

MILLER, J.—The petition for foreclosure of the mortgage upon the real estate involved herein was filed May 4, 1936. A copy of the mortgage was attached to and incorporated in the petition. It did not pledge the rents and profits nor did it provide for the appointment of a receiver in the event of foreclosure. However, the petition asserted insolvency of the defendants, that they were committing waste and that the real estate was not worth the amount due on the mortgage. The prayer asked for the appointment of a temporary receiver upon the filing of the petition to collect the rents and profits until the property should be redeemed or a sheriff's deed issued on foreclosure of the mortgage.

On September 8, 1936, defendant Clara Anderson filed a motion for continuance under the moratorium statute and other

defendants filed answer in the form of a general denial. On August 26, 1937, the motion for a continuance was withdrawn and on September 10, 1937, answer was filed by the defendants other than Beucher, in the form of a general denial.

On February 7, 1938, plaintiff filed an application for appointment of a temporary receiver, asserting as grounds therefor that, during the farming year of 1937, the farm was abandoned by defendants and grew up to weeds, the farm is not of sufficient value to pay plaintiff's note, interest and costs, no taxes or interest have been paid for sometime and, under the terms of the mortgage, plaintiff is entitled to the appointment of a temporary receiver. On the same day, without notice to defendants, there was entered an order reciting that it appeared to the court that the farm was abandoned during the farming year of 1937 and was not farmed and L. O. Beucher was appointed temporary receiver to take charge of the real estate, collect the rents and profits and hold the proceeds until further orders of the court. The bond was fixed in the sum of $500.

The application for the appointment of a temporary receiver was presented to Judge W. L. Eichendorf of the 13th Judicial District at the courthouse in Elkader, Iowa, and the order was signed by him at that place, all of which was done prior to the filing of the application at the courthouse in West Union where the cause was pending.

The temporary receiver, L. O. Beucher, is the cashier of plaintiff bank, is Administrator of the estate of A. T. Anderson, deceased, as such Administrator is a defendant herein, and is represented by the same attorneys that represent the plaintiff.

The attorney for the defendants, other than Beucher, Administrator, as aforesaid, received a copy of the application from the clerk of court, but was not advised that an order had been entered thereon and on February 10, 1938, wrote the plaintiff's attorney as follows:

"Today I received an application for appointment of temporary receiver in the above matter and if the bank is willing to take a deed to the property we will give them possession of it at this time. However, we intend to resist the appointment of a receiver if they are not willing to take a deed to it.

If you have set a date for the hearing, I would appreciate your advising me as to what it is.''

This letter was not answered. On April 20, 1938, the attorney for such defendants learned that the order appointing Beucher temporary receiver had been entered and on that day filed a motion to set the same aside, asserting that the mortgage does not pledge the rents and profits or provide for the appointment of a receiver and that the order of appointment was entered ex parte without notice or hearing. The motion was supported by affidavits, and was later amended by incorporating a prayer for an accounting for the funds collected by the temporary receiver.

Plaintiff filed a resistance to the motion to vacate, reasserted abandonment of the farm in 1937, also asserted failure to pay taxes, inadequacy of security, insolvency of the defendants, and prayed that the motion be overruled and that the appointment be ratified and confirmed. The temporary receiver joined in such resistance.

Hearing was had upon the motion to vacate the appointment of the temporary receiver and the resistances thereto at which hearing the facts above reviewed were established. Plaintiff then introduced testimony which showed that the farm in question has no buildings upon it; it was farmed in 1936 by the defendant Lloyd Anderson; it was not plowed or cultivated in 1937; prior to 1937 for some 18 years it had been operated in conjunction with another farm; in 1937 the only crop was about four loads of hay; in 1938 and 1939 it was rented by the receiver for $500 per year which was stipulated to be the reasonable rental value for both years; of the rent so received, $843.37 was used to retire tax liens which were about to ripen into tax deeds, and some $84.52 was expended for seed, all expenditures being made without authorization from the court; the fact that the farm lay idle during 1937 did not hurt it because it had been farmed quite a bit; before 1937 the land was somewhat run down.

At the close of the hearing, the court determined that defendant's application to set aside the appointment of a temporary receiver should be and it was denied and an order was entered ratifying and confirming the aforesaid appointment.

The order stated that such finding and adjudication was not intended in any way to determine or adjudicate who was entitled to the rents and profits collected by the temporary receiver, such question being reserved for future determination. The defendants, other than Beucher, appeal.

I. At the outset, it will be noted that, whereas the original petition prayed for the appointment of a temporary receiver, the appointment that was made was not made pursuant to such prayer. Also, the only determination made by the court in the order appointing the temporary receiver was that "the farm was abandoned during the year 1937 and was not farmed". The original petition herein was filed May 4, 1936, so that the sole contingency upon which the appointment was predicated arose, if at all, after the filing of the petition. The hearing that was had was limited to the application to vacate the appointment and the resistance to such application. The only question the court undertook to determine was whether such appointment should be vacated. The court refused to grant relief. We are of the opinion that the contentions of appellant have merit and that the court erred in such refusal.

As heretofore stated, the mortgage sought to be foreclosed herein did not pledge the rents and profits, nor did it provide for the appointment of a receiver. While this does not necessarily mean that a receiver could not be appointed, it does mean that the purpose of such an appointment is very limited whenever it is proper. This is pointed out by our decision in the case of McBride v. Comley, 204 Iowa 622, 623, 215 N. W. 613, 614, wherein we state:

"Argument by appellant is based upon the theory that, he having shown insolvency of the debtor and insufficient security, the district court had jurisdiction, and, in fact, was required to appoint, in this event, a receiver, even though no language expressly granting such right is contained in his mortgage. In support of said proposition, the following authority is cited: Durband v. Ney, 196 Iowa 574. It is true that, to preserve the security and prevent waste and deterioration, an appointment may be made, under and by virtue of Section 12713 of the Code of 1924. Young v. Stewart, 201 Iowa 301. But the designated official agent, in said instance, cannot use the proceeds of his

office for anything but to preserve the security. Under no circumstances can those assets be applied on the indebtedness, except by the express authority of the mortgage. Young v. Stewart, supra; Iowa St. Bank v. Rons, 203 Iowa 51. We said, in Young v. Stewart, above:

" 'The power to appoint the receiver in such a case, where nothing but the real estate itself is pledged, is not a power to add to the security of the mortgagee by giving him, through the instrumentality of a receiver, rents and profits, or possession of the real estate, or anything more than the security granted him by his mortgage.' "

We do not undertake to discuss or decide whether, under the record made herein, there was any authority for the appointment of a receiver, for there certainly is no showing that would justify the appointment of a receiver without notice. Section 12713 of the Code, 1935, above referred to, provides that a receiver may be appointed "on such notice to the adverse party as the court or judge shall prescribe * * *". We have held that this does not necessarily deprive the court of the power to appoint a receiver without notice, but have strictly limited any such type of appointment. In the case of French v. Gifford, 30 Iowa 148, 160, 161, 162, we state:

"It is further urged that the receiver was not properly appointed, without notice to the parties interested. The general rule is that a proceeding so vitally affecting the interests of parties should not, except under peculiar circumstances, take place without notice. * * *

"The petition in this case alleges that plaintiffs verily believe that if notice of this application be given, the books, records and papers of said bank will be so falsified or spirited away that they cannot ascertain the said frauds.

"This allegation does not conform to the rule as recognized in the case above referred to, which is, that where a receiver is appointed without notice, the particular facts and circumstances which render such a proceeding proper should be set forth in the bill or petition. * * *

"In view of the allegations of this petition and the important

interests involved, the receiver should not have been appointed without notice upon the parties adversely interested.''

In the case of Bisson v. Curry, 35 Iowa 72, 80, we state:

''The receiver was appointed without notice to defendant, and without the allegation of any facts in the petition showing the necessity for such course. Even if the facts alleged in this petition were such as in any event to render the appointment of a receiver proper (a question upon which we now express no opinion), it is clear that the receiver should not have been appointed without notice to the defendant. French v. Gifford, 30 Iowa 148 (i. e. 160).''

In the case of Howe & Co. v. Jones, 57 Iowa 130, 142, 8 N. W. 451, 457, 10 N. W. 299, we state:

''The receiver was appointed in vacation, without notice to the adverse parties. This was erroneous, and the action of the court, because of want of notice, required by law, cannot be sustained. Code, §2903. French v. Gifford, 30 Iowa, 148; Bisson v. Curry, 35 Id., 72.''

In the case of Maish v. Bird, 59 Iowa 307, 310, 13 N. W. 298, 300, we state:

''It is insisted that whatever grounds there may be for the appointment of a receiver, the appointment cannot properly be made without notice to the adverse party, and in this case it appears that the appointment was made without notice to the appellant. The statutory provision in regard to notice of the appointment of a receiver is to be found in the section of the Code above cited. The provision is that a receiver may be appointed 'on such notice to the adverse party as the court or judge shall prescribe.' Where then the adverse party is within the jurisdiction of the court, and it is practicable to serve a notice upon him, it may be conceded that a notice of some kind ought to be given. But it is shown that the appellant was not within the jurisdiction of the court, but was in the State of New York. Now, it appears to us, that where the adverse party is not within the jurisdiction of the court, and cannot be served, or cannot readily be served with notice, the court may, under

some circumstances, appoint a receiver without notice. If such appointment cannot be made, it can readily be seen that a great loss may sometimes occur.''

Pursuant to the foregoing pronouncements by this court, it seems readily apparent that the appointment of a receiver without notice cannot be justified unless peculiar circumstances exist which warrant such action and these must be set forth in the application. The application filed herein contained no allegations warranting the appointment of a receiver without notice and the record negatives the existence of any such circumstances. All of the defendants had appeared and were represented by counsel, who promptly corresponded with plaintiff's counsel when the application was filed. There is absolutely no justification in this record for the appointment of a receiver without notice. The court should have so held. It erred in holding otherwise.

The appointment of a receiver is not retroactive. Parker v. Coe, 200 Iowa 862, 864, 205 N. W. 505, 506; Hakes v. North, 199 Iowa 995, 999, 203 N. W. 238, 239. When the court undertook to ratify and confirm the erroneous appointment of the temporary receiver, it undertook to make the receivership retroactive. This it could not do.

II. Appellee challenges the jurisdiction of the court to entertain this appeal. The case was submitted in an unusual way. When submitted, appellee had filed no argument, but, on stipulation of the parties, was granted ten days from the date of submission within which to file one. Pursuant thereto, a brief and argument was filed. In addition thereto, appellee served and filed an amendment to the abstract and what is denominated a suggestion of lack of jurisdiction. By the amendment to the abstract, appellee undertook to challenge the sufficiency of the notice of appeal and by the suggestion of lack of jurisdiction, appellee seeks to accomplish the same result that would obtain had a motion to dismiss been filed. However, section 12885 of the Code, 1939, requires any such question to be presented in written form, served upon the appellant or his attorney not less than ten days before the date assigned for submission of the cause. Appellee had no right to present this question in the manner in which it attempted to present it.

In re Estate of Kahl, 210 Iowa 903, 909, 232 N. W. 133, 135, and cases cited therein.

Appellee also undertakes to persuade us not to entertain the appeal because the argument of appellants does not comply with the rules of this court. This case is in equity and the record is short. In view of all the circumstances, we are unwilling to deny to appellants the relief to which they are entitled because of this delinquency of their counsel.

By reason of the foregoing, the order appealed from must be and it is reversed and it is ordered that the cause be remanded with instructions to enter an order vacating the appointment of the temporary receiver herein.—Reversed.

CHIEF JUSTICE and all JUSTICES concur.

HALE, C. J., and STIGER, BLISS, and WENNERSTRUM, JJ., concur in supplemental opinion.