CORN BELT THEATRE CORPORATION, Appellant, v. BOARD OF REVIEW OF CITY OF OSKALOOSA, Appellee.

No. 46336.

FEBRUARY 8, 1944.

Harold J. Fleck, of Oskaloosa, for appellant.

J. L. Devitt, of Oskaloosa, for appellee.

MANTZ, J.—In this case the plaintiff, Corn Belt Theatre Corporation, appealed to the district court from the action of the Board of Review of the City of Oskaloosa, Mahaska County, Iowa, in confirming an assessment made by the local assessor

upon a theater property owned by it in that city in 1941, and in disregarding the objections and the demand of the owner thereto that the Board of Review make a reduction from said assessed figure.

Plaintiff perfected its appeal by giving the statutory notice and filing in the district court a petition in equity setting up the grounds for its appeal. The defendant appeared but filed no pleadings or answer to the petition of plaintiff. The defendant did not then question the jurisdiction of the court or make objections to the trial on appeal. The court, following a hearing in which evidence was taken, found against the plaintiff and in favor of the defendant, taxing the costs to the plaintiff, and the plaintiff has appealed.

■ I. Both parties have argued to some extent the procedure to be followed by this court on appeal. Both cite section 7134 of the Code of 1939, which provides that trials on appeal shall be in equity and that this court shall determine anew all questions arising before the board. Appellant argues that under the statute quoted the cause is triable here de novo. In re Assessment of Sioux City Stock Yards Co., 223 Iowa 1066, 274 N. W. 17; Leach v. Sanborn State Bank, 201 Iowa 1323, 207 N. W. 326. The cases cited by appellee on the matter of the procedure here deal for the most part with appeals where the record below, especially as to the facts, was not before the court. Such could have little application here as the evidence received on appeal by the lower court has been presented in this court and there is no claim by appellee that the same does not set forth substantially the facts as there given. Following a consideration of the argument made by appellee in this respect, we find ourselves unable to agree with the contentions therein made.

■ II. The decisive questions growing out of this appeal which we find it necessary to pass upon are two in number.

The first is the question of the jurisdiction of the lower court to pass upon the matters presented to it by the appeal of appellant from the action of the Board of Review. The court, on December 22, 1942, following trial of the cause, made the following judgment entry:

"The court finds for the defendant, and the assessment

is confirmed. Judgment against plaintiff for costs. Plaintiff excepts."

Appeal was taken from this judgment.

Appellant in proposition No. 1 of its brief and argument argues that if the action of the lower court was based upon its lack of jurisdiction, then it was in error. Appellee argues that the appellant did not comply with the statute in taking an appeal from the action of the Board of Review and that the action of the lower court was right, thereby arguing that the lower court found against appellant on the failure of the appellant to take the proper steps on appeal. In considering this phase of the matter we will examine the record. The assessor of Oskaloosa, in January 1941, fixed the value of the building owned by appellant at $28,000. Appellant, orally and in writing, objected to the value fixed and requested the assessing officials to reduce the same. This was not done and appellant gave notice of appeal from the action of that Board, by serving notice and then filing its petition in equity wherein it set up its grounds for relief, elaborating upon the objections filed with the Board of Review. Appellee appeared in the lower court but filed no pleading. Neither did it attack the jurisdiction of the court to entertain the appeal. When the cause was reached for trial certain concessions were made of record by the parties in open court. Among these was the ownership of the property, describing it; that its owners had filed objections to the assessment and that the same were refused by said Board of Review; that said Board of Review adjourned on May 21, 1942, and that plaintiff (appellant herein) had appealed therefrom; also that the property described in the petition of appellant had been assessed for the year 1941 by the assessor at $28,000 in arriving at the sixty per cent value of the property: land, $4,800, building, $23,200. Following this the cause proceeded to trial. The appellant introduced witnesses to the value of the assessed property and also that of other properties in the same vicinity, following which the appellee introduced evidence tending to contradict that of appellant and confirm the action of the assessor. The judgment entry, by its very language, indicates that the court ruled upon the contentions of appellant and not upon the matter of jurisdiction.

We think that under the record the appellee cannot here raise the question as to the right of the lower court to entertain the appeal. It seems to us that, if raised at all, it is raised here for the first time. Certainly there was no objection to the lower court's proceeding to hear the appeal and no denial or question as to its jurisdiction.

Even should it be conceded that the question was properly raised in the lower court, still it is without merit. In the case of Yeoman Mut. L. Ins. Co. v. State Board of Assessment and Review, 229 Iowa 320, 323, 294 N. W. 330, 332, this court had before it a similar question, that is, the failure of the party appealing to file with the lower court a transcript of the proceedings before the assessing tribunal. That is the question which appellee has argued in this case, i. e., the appellant here failed to file the transcript of the proceedings before the Board of Review in the lower court before hearing. Speaking through Hale, J., in the case above cited, we quote the following:

"Neither is a transcript necessary to give jurisdiction, but only the notice of appeal. * * * that the jurisdiction of the court is obtained by filing of notice of appeal, and from the holdings of the court an appeal such as we have here will not be dismissed unless, from the absence of transcript, petition, or evidence the court has nothing upon which it may act."

See, also, German American Sav. Bk. v. Council of City of Burlington, 118 Iowa 84, 91 N. W. 829; White v. City of Marion, 139 Iowa 479, 117 N. W. 254. Many other cases might be cited as authority for the holding but we think the above are sufficient.

The facts, as well as the law, are against the position taken by the appellee as to the right of the lower court to entertain the appeal.

III. The other question raised by the appellant which we are called upon to determine in this appeal relates to the value of the property when same was assessed. In general, it was the claim of appellant in its petition that the value of the property as fixed by the assessor and later confirmed by the Board of Review was excessive, that it disregarded its actual

or market value, was in excess of assessments made upon other property of the same value, character, and location, and that the value so fixed was discriminatory and inequitable.

Both parties introduced witnesses who testified to the value of the property assessed; also to the value of some other property in the vicinity. Most of the witnesses were real-estate brokers, experienced in the handling of real estate in Oskaloosa, and claimed to be familiar with the value of city property.

Appellant's witnesses gave opinions as to the value of the theater at the time assessed, ranging from $28,000 to $35,000; opinions of the witnesses for appellee ranged from $30,000 to $48,000. Some of these witnesses gave reasons upon which their opinions were based, such as location, rentals, availability, and values of other properties in the vicinity. These figures indicate quite a difference of opinion as to value, which usually happens when there is involved the question of the value of a certain property. This is neither unusual nor surprising. Neither is such a difference of opinion a reflection upon the honesty or integrity of the witnesses. Estimates of value will naturally vary, depending upon the qualifications and experience of the witnesses, and will reflect to some extent, at least, the views of each witness as to the various factors which may be considered in arriving at values. The matter of values of property such as real estate is generally relative and is arrived at for the most part by comparison with other properties. Factors and considerations which might be given considerable weight by one witness in fixing values, might not weigh so heavily with another.

We do not deem it advisable or necessary to set out at length the testimony of the witnesses as to value given or the factors upon which their opinions were based. There was some evidence that in the city there had been an increase in the number of vacant buildings and a decrease in the valuation of business properties. There was also evidence that real estate in the form of farms had increased in value. There was no evidence as to the complete rental income of appellant's property at the time it was assessed but there was some to the effect that one or possibly two offices had not been rented for a time.

The appellant offered as a witness the assessor, who testi-

fied that he had served in that capacity for nine years. He stated that in his opinion the building of appellant, when assessed, had an actual market value of $46,500; also that in 1937 the assessed value of the land was $7,000; that at the time he made the $28,000 assessment on appellant's property he had assessed other properties in the vicinity, among those being the Kresge Building at $28,900 and the Sears Roebuck Building at $35,000, and testified that in his opinion the values fixed by him and later confirmed by the Board of Review were the proper values to be placed thereon.

The statute, section 7109, makes it the duty of the assessor to fix the value of property being taxed. This statute fixes the standard or method of fixing such value. It provides that in arriving at the said actual value the assessor shall take into consideration the productivity and earning capacity, if any, past, present, and prospective, the market value, if any, and all other matters affecting the actual value of the property. The statute further provides that the burden of proof shall be upon any claimant attacking such valuations as excessive and inequitable.

In this case the burden of proof was upon the appellant to establish its claim as set forth in its petition. The evidence was in conflict; some of the witnesses did not express an opinion as to how they arrived at the valuation, or the different factors entering into their opinion as to value. It was essentially a fact situation and with the evidence in conflict we do not think the lower court erred in sustaining the assessment fixed by the assessor and later confirmed by the Board. The presumption is that the assessing officer or officers have done their duty and that the values fixed by them are presumptively correct and in this case it was incumbent upon the appellant to overcome such presumption. Sioux City Bridge Co. v. Board of Review, 192 Iowa 1224, 184 N. W. 733; Call v. Board of Review, 227 Iowa 1116, 290 N. W. 109.

What the law seeks in the assessment of property for taxing purposes is equality. If the appellant has any complaint herein it would be required to show that the assessment of its property exceeded its actual value, or, in comparison with other properties of like kind and character and similarly situated, resulted in

inequality or inequity. Hanson v. Local Board of Review, 232 Iowa 390, 4 N. W. 2d 384; Hawkeye Portland Cement Co. v. Board of Review, 205 Iowa 161, 217 N. W. 837; Trustees of Estate of Flynn v. Board of Review, 226 Iowa 1353, 286 N. W. 483.

This court has held, in Butler v. City of Des Moines, 219 Iowa 956, 961, 258 N. W. 755, 758, that:

"The problem of determining relative values in a situation of this kind is one of the most difficult with which the courts have to contend. There is no such thing as absolute equality in the assessment of property for taxing purposes. What might seem to one qualified person to be the proper difference in valuation between two pieces of property might to another person, equally qualified, seem to be inequitable and unjust. It is the judgment of the assessor which the statute requires in making these assessments. So long as his action is not arbitrary or capricious or so wholly out of line with the actual values as to give rise to the inference that for some reason he has not properly discharged his duty, the assessments made by him and confirmed by the local board of review should not be disturbed by the court."

We think the language above quoted fits the present situation. Appellant makes no showing that the local assessor or the Board of Review acted arbitrarily or capriciously; there is no claim of irregularity in the manner in which the assessment was made or in that of the Board of Review wherein the action of the assessor was confirmed. The Board of Review had before it the objections and complaint of appellant and there is no claim made that appellant was not given the opportunity to present its objections. The same is true upon appeal. The question was before the court on the issues joined; evidence was offered by both sides. The evidence as to the value of the property was in conflict. We hold that, under the record, the findings of the lower court support its judgment. The case is affirmed.—Affirmed.

All JUSTICES concur.