AERIE 1287, FRATERNAL ORDER OF EAGLES, Appellant,

v.

Willis L. HOLLAND, City Assessor, and the Board of Review of the City of Fort Madison, Appellees.

No. 56349.

Supreme Court of Iowa.

Feb. 19, 1975.

**24**

Napier, Napier & Wright, Fort Madison, for appellant.

Deitchler, Thomas, Lawse & Saunders, Fort Madison, for appellees.

Submitted to MOORE, C. J., and MASON, LeGRAND, REES and REYNOLDSON, JJ.

REYNOLDSON, Justice.

Aerie 1287, a Fort Madison affiliate of the national Fraternal Order of Eagles, appealed to district court after appellees (City Assessor and Board of Review) had determined the Aerie's lodge building could be allowed only a fifty percent property tax exemption. Trial court rejected the Aerie's claim of total exemption and upheld the Board of Review. The Aerie appeals to this court and we affirm.

I. The lodge building is a two-story structure in Fort Madison used for meetings and social gatherings. The first floor contains two offices and a bar which is open every day except Sundays and Christmas. The second floor is composed of a lodge room and bar which is seldom used. Twice-monthly meetings are held in the lodge room. The facilities may be used only by dues-paying members and their guests.

From 1964 to 1968 this property was given a full exemption by the City Assessor but since that time only a fifty percent exemption has been allowed.

On June 15, 1971, the Aerie filed a petition in equity in district court challenging the assessments "from the year of 1968 to the present date" on several grounds. Trial court sustained defendants' motion to strike all allegations except the claim the property was illegally assessed under § 427.1(9), The Code, for the 1971 tax year. The Aerie has not assigned that ruling as error and is thereby limited on this appeal to its claim of illegality for 1971. Richardson v. Neppl, 182 N.W.2d 384, 390 (Iowa 1970).

■ Appellees argue even this issue is not before us as the Aerie did not file in district court a transcript of the proceedings before the Board of Review and thus deprived that court of jurisdiction. This court rejected an identical contention in Corn Belt Theatre Corp. v. Board of Review, etc., 234 Iowa 355, 12 N.W.2d 820 (1944) by holding jurisdiction was obtained not by filing a transcript but by filing a notice of appeal. Such notice was filed in this case and trial court therefore had jurisdiction.

II. The Aerie contends the use of its building qualifies this real estate for the total exemption provided in § 427.1(9), The Code, which states *inter alia*:

"427.1 Exemptions. The following classes of property shall not be taxed:

"* * *

"9. *Property of religious, literary, and charitable societies.* All grounds and buildings used * * * by literary, scientific, charitable, benevolent, agricultural, and religious institutions and societies solely for their appropriate objects * * and not leased or otherwise used * * * with a view to pecuniary profit."

Trial court, finding the building was not used solely for appropriate objects but was partially used with a view to pecuniary profit, affirmed the decision of the Assessor and Board of Review granting a fifty percent exemption pursuant to the pro rata formula of § 427.1(23), The Code.

■ Our review is *de novo*. South Iowa Methodist Homes, Inc. v. Board of Review, 173 N.W.2d 526 (Iowa 1970). Tax exemption statutes are strictly construed against taxpayer and any doubt must be resolved in favor of taxation. The burden is upon taxpayer to prove the property comes within the statutory exemption. Evangelical Luth. G.S. Soc. v. Board of

Rev., Des Moines, 200 N.W.2d 509, 511 (Iowa 1972); Wisconsin Evangelical Lutheran Synod v. Regis, 197 N.W.2d 355, 356–357 (Iowa 1972).

■■ On this appeal we need not decide if the Aerie is a charitable or benevolent organization as those terms are used in the exemption statute. The partial exemption of § 427.1(23), applied to the Aerie's property by the Assessor, Board of Review and district court, by its terms is applicable only to exempt organizations under § 427.1(9) or war veterans associations. Manifestly "charitable" or "benevolent" are the only classifications even remotely applicable to the Aerie. No cross appeal having been filed by appellees challenging the applicability of § 427.1(23), we do not reach the issue whether the Aerie is an exempt organization. Likewise, absent a cross appeal, we do not consider whether the Aerie is entitled to *less* than the fifty percent exemption granted by trial court.

So limited, we must decide but two questions: Is the lodge building used solely for appropriate objects and not with a view to pecuniary profits so as to qualify for the total exemption of § 427.1(9)? If not, does its use qualify it for more than a fifty percent exemption under § 427.1(23)?

III. Although we have examined the entire record, we need detail but a few uncontroverted facts relating to the use of this building. The first floor, consisting largely of a fully-equipped, profit-making bar, was almost exclusively used for the relaxation and entertainment of the dues-paying membership. All profits were allocated to membership entertainment with a small residuum given to charity. The second floor served mainly as a hall for the twice-monthly meetings although it was, on occasion, used or rented (at a nominal price) for social functions.

■ We are convinced trial court correctly held the Aerie did not sustain its burden to prove this building was used solely for appropriate objects, with no view to pecuniary profit. We find support for our decision in Lacy et al. v. Davis, Treasurer et al., 112 Iowa 106, 83 N.W. 784 (1900), decided under a predecessor of § 427.1(9). In *Lacy* this court held a facility owned by a branch of Freemasonry, used four days annually for meetings and used the remaining time for rest and relaxation by dues-paying members was not used solely for appropriate objects and thus did not qualify as tax exempt. We are unable to distinguish *Lacy* in law or fact and accept it as controlling the disposition of this issue.

■ IV. It is apparent from the above a substantial portion of this building is not used solely for appropriate objects. Section 427.1(23), The Code, provides, *inter alia*:

"[T]he exemption granted shall be in the proportion of the value of the property used solely for the appropriate objects of the organization, to the entire value of the property." •

As noted the posture of this appeal allows us to decide only if the building should receive more than the awarded fifty percent exemption. Under this record no such increase is justified. We therefore uphold trial court's decision.

■ Appellees contend the record shows the Aerie had federal retail liquor sales permits for its bars and this alone is sufficient to disqualify the building from an exemption. Section 427.1(25), The Code. This issue was not raised below and cannot now be raised for the first time on appeal. Northrup v. Miles Homes, Inc. of Iowa, 204 N.W.2d 850, 859 (Iowa 1973).

We affirm.

Affirmed.